# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| GEORGE D. ARNESEN; JEFFREY RYAN BRADLEY,<br><br>Plaintiffs,<br><br>v.<br><br>GINA RAIMONDO, U.S. Secretary of Commerce; NATIONAL MARINE FISHERIES SERVICE (NMFS); JANET COIT, NMFS Assistant Administrator; SAMUEL D. RAUCH III, NMFS Deputy Assistant Administrator for Regulatory Programs; GULF OF MEXICO FISHERY MANAGEMENT COUNCIL; PHIL DYSKOW, Council Member; THOMAS FRAZER, Council Member; ROBERT GILL, Council Member; GREG STUNZ, Council Member; TROY WILLIAMSON, Council Member; SUSAN BOGGS, Council Member; JONATHAN DUGAS, Council Member; MICHAEL MCDERMOTT, Council Member; DALE DIAZ, Council Member; SCOTT BANNON, Council Member; KEVIN ANSON, Council Member designee; PATRICK BANKS, Council Member; CHRIS SCHIEBLE, Council Member designee; JESSICA MCCAWLEY, Council Member; CHRISTOPHER SWEETMAN, Council Member; ROBIN RIECHERS, Council Member; DAKUS GEESLIN, Council Member designee; GEN. JOE SPRAGGINS, Council Member; RICK BURRIS, Council Member designee; ANDY STRELCHECK, Council Member and NMFS Regional Administrator,<br><br>Defendants. | No. 1:23-cv-00145-TBM-RPM |

1

| | |
|---|---|
| KAREN BELL; A.P. BELL FISH COMPANY, INC.; and WILLIAM COPELAND, | No. 1:23-cv-00160-HSO-BWR |
| Plaintiffs, | **MOTION TO CONSOLIDATE** |
| v. | |
| GINA RAIMONDO, in her official capacity as Secretary of the United States Department of Commerce; JANET COIT, in her official capacity as Assistant Administrator for the National Marine Fisheries Service; and NATIONAL MARINE FISHERIES SERVICE, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 42(a), the *Bell* Plaintiffs respectfully request that the Court consolidate *Bell v. Raimondo*, No. 23-cv-0160-HSO-BWR (S.D. Miss.), with *Arnesen v. Raimondo*, No. 23-cv-0145-TBM-RPM (S.D. Miss.).[1] This motion was previously noticed before Judge McNeel as the judge presiding over the action with the lower docket number, but filed in *Bell* and not *Arnesen*, as directed by the clerk's office. It is now refiled in the *Arnesen* docket in compliance with the July 26, 2023, Text Order in *Bell*.[2]

---

[1] Due to the simplicity and straightforward nature of the requested relief, Plaintiffs request that the Court grant leave of compliance of filing a separate memorandum brief in support under Local Civil Rule 7(b)(4).

[2] The text order reads:

> TEXT ONLY ORDER denying Plaintiffs' Motion [7] to Consolidate pursuant to Local Uniform Civil Rule 42. According to Local Rule 42, "In civil actions consolidated under Fed. R. Civ. P. 42(a), the action bearing the lower or lowest docket number will control the designation of the district or magistrate judge before whom the motion to consolidate is

2

The *Bell* Plaintiffs had contacted government counsel in *Arnesen* regarding this motion (counsel for the *Bell* Defendants had, and have, not yet appeared). *Arnesen* government counsel indicated that the government takes no position on this motion. The *Bell* Plaintiffs will formally serve the *Bell* Defendants by mail.

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The purpose of consolidation is to achieve judicial convenience and economy by expediting proceedings and avoiding duplicate proceedings. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933). The decision to consolidate is within the district court's sound discretion. *NAACP of La. v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973) (per curiam). However, "[t]rial judges are urged to make good use of Rule 42(a) of the Federal Rules of Civil Procedure where there is involved a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate unnecessary repetition and confusion[.]" *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966).

Those factors favor consolidation here. *Bell* and *Arnesen* present common questions of law and fact. Both cases challenge the same administrative action,

---

noticed." The Motion to Consolidate should therefore be filed in the action with the lower docket number. Here, the lower docket number is 1:23-cv-145-TBM-RPM, not 1:23-cv-160-HSO-BWR. NO FURTHER ORDER WILL ISSUE. Signed by Magistrate Judge Bradley W. Rath on 7/26/2023 (rjc) (Entered: 07/26/2023)

3

namely the final rule implementing a regulatory measure known as Amendment 54 to the Fishery Management Plan for the Reef Fish Resources of the Gulf of Mexico, which reduces the amount of greater amberjack available to commercial fishermen. *See* 88 Fed. Reg. 39,193 (June 15, 2023). Both cases seek declaratory and injunctive relief against the rule. *Bell*, Docket No. 1, Prayer for Relief ("*Bell* Compl."); *Arnesen*, Docket No. 1, Prayer for Relief ("*Arnesen* Compl.").

In *Bell*, the only claim is that the rule and Amendment 54 were adopted by individuals whose appointments to the Gulf of Mexico Fishery Management Council, a federal policymaking body, violated the Appointments Clause. *Bell* Compl. ¶¶ 59–72. That is, in essence, also the lead claim in *Arnesen*. *Arnesen* Compl. ¶¶ 137–48. The administrative record on which these claims will be resolved is identical. *See* 5 U.S.C. § 706 (providing that review will be upon the "whole record" of the agency's decision).

Finally, the cases are at the same stage, having been filed 14 days apart. *Cf. Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) (holding that the district court acted within its discretion in denying consolidation where one case was ready for trial and the other was not).

Because of these significant overlaps between the two cases, consolidation will promote judicial economy and efficiency. If the cases are not consolidated, the government will be required to undertake potentially duplicative briefing in the two cases, and the Court will have to resolve the cases separately. Consolidation would

avoid this duplication of effort and waste of judicial resources, as well as avoid potentially inconsistent judgments in the two cases.

Consolidation also will not prejudice any party. In particular, consolidation would not prejudice the motion for preliminary injunction filed in *Arnesen*, which may be briefed and decided on its existing schedule even after consolidation. Indeed, consolidation does not require that any briefing schedules be identical; if desirable, the Court may order different briefing schedules and manage the cases separately. Consolidation would simply enable judicial efficiency and economy by allowing the Court to coordinate the cases.

For these reasons, the *Bell* Plaintiffs respectfully request that the Court consolidate *Bell* with *Arnesen*.

Dated: July 27, 2023.                                  Respectfully submitted,

/s/ Michael A. Poon                                    /s/ Charles E. Cowan
MICHAEL A. POON*                                       CHARLES E. COWAN
Cal. Bar No. 320156                                    Miss. Bar No. 104478
DAMIEN M. SCHIFF*                                      401 East Capitol Street
Cal. Bar No. 235101                                    Heritage Building, Suite 600
Pacific Legal Foundation                               Jackson, MS 39201
555 Capitol Mall, Suite 1290                           Telephone: (601) 968-5500
Sacramento, CA 95814                                   Facsimile: (601) 968-5593
Telephone: (916) 419-7111                              cec@wisecarter.com
Facsimile: (916) 419-7747
MPoon@pacificlegal.org                                 MOLLY E. NIXON*
DSchiff@pacificlegal.org                               NY Bar No. 5023940
                                                       Pacific Legal Foundation
*Pro Hac Vice*                                         3100 Clarendon Blvd., Suite 1000
                                                       Arlington, VA 22201
                                                       Telephone: (202) 888-6881
                                                       MNixon@pacificlegal.org

*Counsel for Bell Plaintiffs*

**Certificate of Service**

I hereby certify that on the 27th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Those that are registered with the Court's CM/ECF system will receive the foregoing via a Notice of Electronic Filing. A copy will be mailed to the *Bell* Defendants via first-class U.S. Mail, postage prepaid, on July 27, 2023:

Gina Raimondo
Secretary
U.S. Department of Commerce
1401 Constitution Ave. N.W.
Washington, DC 20230

Janet Coit
Assistant Administrator
National Marine Fisheries Service
1315 East-West Highway, 14th Floor
Silver Spring, MD 20910

National Marine Fisheries Service
1315 East-West Highway, 14th Floor
Silver Spring, MD 20910

Hon. Darren J. LaMarca
U.S. Attorney's Office
501 E. Court St., Suite 4.430
Jackson, MS 39201
Attn: Civil Process Clerk

Hon. Merrick Garland
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

/s/ Charles E. Cowan
CHARLES E. COWAN
*Counsel for Bell Plaintiffs*