IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE D. ARNESEN *et al.* *Plaintiffs,* v. GINA RAIMONDO, *et al.* *Defendants.* KAREN BELL *et al.* *Plaintiffs,* v. GINA RAIMONDO, *et al.* *Defendants.* | No. 1:23-cv-00145-TBM-RPM |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Gina Raimondo, in her official capacity as Secretary of the United States Department of Commerce, National Marine Fisheries Service ("NMFS"), Janet Coit, in her official capacity as the NMFS Assistant Administrator, and the NMFS, by and through counsel, provide the following Answer to Plaintiffs' Complaint in *Bell v. Raimondo, et al*.,:

**INTRODUCTION**

1.  Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 1, and the allegations are therefore denied.

2.  The allegations in Paragraph 2 purport to characterize without citation the final rule implementing Amendment 54, 88 Fed. Reg. 39193 (June 15, 2023) ("final

1

rule"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

3. The allegations in Paragraph 3 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

4. The allegations in Paragraph 4 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

5. The allegations in Paragraph 5 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

6. The allegations in Paragraph 6 are legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 6 also purport to characterize 28 U.S.C. §§ 1331, 2201 and 2022, 16 U.S.C. §§ 1855(f) and 1861(d), and *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477 (2010), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

7. The allegations in Paragraph 7 are legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

8. Defendants admit the allegations in the first sentence of Paragraph 8. Defendants deny the allegations in the second sentence of Paragraph 8 and aver that Ms. Bell owns 46.66% of A.P. Bell Fish Company Inc. ("A.P. Bell"), and serves as a trustee

of the Calvin Bell Family Trust, which owns 26.67% of A.P. Bell.  Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 8, and the allegations are therefore denied.

9. Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 9, and the allegations are therefore denied. Defendants deny the allegation in the last sentence of Paragraph 9 that A.P. Bell possesses the necessary permits to catch greater amberjack in the Gulf of Mexico and aver that Defendants have no record of Gulf of Mexico Reef Fish permits that are issued to A.P. Bell. Defendants lack sufficient knowledge to admit or deny the remaining allegations in the last sentence of Paragraph 9.

10. The allegations in the fourth sentence of Paragraph 10 purport to characterize without citation the final rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 10, and the allegations are therefore denied.

11. The allegations in the third sentence of Paragraph 11 are too vague and ambiguous to permit a response and are therefore denied. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 11, and the allegations are therefore denied. Defendants aver that they have no record of a William Copeland who lives in Port Richey, Florida, who holds a Gulf of Mexico Reef Fish Permit.

12. Defendants admit that Gina Raimondo is the Secretary of Commerce. The remaining allegations in Paragraph 12 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

13. Defendants admit that Janet Coit is the Assistant Administrator for Fisheries at the National Marine Fisheries Service ("NMFS") and determined that final rule is consistent with applicable law. The remaining allegations in Paragraph 13 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

14. Defendants admit that NMFS is an agency within the U.S. Department of Commerce. The remaining allegations contained in Paragraph 14 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

15. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 15, and the allegations are therefore denied.

16. Defendants deny the allegations in Paragraph 16. Defendants aver that there is no record of a William Copeland who lives in Port Richey, Florida, who holds a Gulf of Mexico Reef Fish Permit, and no record that A.P. Bell that holds a Gulf of Mexico Reef Fish Permit.

17. The allegations in Paragraph 17 purport to characterize the Fishery Management Plan for the Reef Fish Resources of the Gulf of Mexico ("Reef FMP"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

18. Defendants admit the allegation in Paragraph 18 that the Gulf of Mexico Fishery Management Council voted to amend the Reef FMP in October 2022 via Amendment 54 in Biloxi, Mississippi. The remaining allegations in Paragraph 18 are

legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

19. Defendants admit the allegations in Paragraph 19.

20. The allegations in Paragraph 20 purport to characterize Amendment 54, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

21. The allegations in Paragraph 21 purport to characterize the final rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

22. Defendants admit the allegation in the first sentence of Paragraph 22 that Council members approved a proposed regulation to implement Amendment 54 for Secretarial review. The remaining allegations in the first sentence of Paragraph 22 are characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations. Defendants admit that NMFS published a proposed rule to implement Amendment 54 on March 10, 2023, 88 *Fed. Reg.* 14964. The remaining allegations in Paragraph 22 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

23. The allegations in Paragraph 23 purport to characterize without citation the final rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

24. Defendants admit that NMFS closed commercial harvest of greater amberjack in federal waters of the Gulf of Mexico on 12:01 a.m. on June 18, 2023, 88

5

*Fed. Reg.* 40121, June 21, 2023.  The remaining allegations in Paragraph 24 purport to characterize *Commercial Harvest of Greater Amberjack in Federal Waters of the Gulf of Mexico Will Close on June 18, 2023*, NOAA Fisheries (June 16, 2023), https://gulfcouncil.org/press/2023/commercial-harvest-of-greater-amberjack-infederal-waters-of-the-gulf-of-mexico-will-close-on-june-18-2023/, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

25. The allegations in Paragraph 25 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary.  To the extent that an answer is necessary, Defendants deny the allegations.

26. The allegations in the first sentence of Paragraph 26 purport to characterize the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1801-91d, ("Magnuson-Stevens Act"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of Paragraph 26 purport to characterize 16 U.S.C. §§ 1801 and 1851, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

27. The allegations in Paragraph 27 purport to characterize 16 U.S.C. §§ 1852 and 1854(a), which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

28. The allegations in Paragraph 28 purport to characterize 16 U.S.C. § 1851(b), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

29. The allegations in Paragraph 29 purport to characterize 16 U.S.C. §§ 1853(c) and 1854(b), which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

30. The allegations in Paragraph 30 purport to characterize 16 U.S.C. §§ 1854(a)(3) and (b)(1), which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

31. The allegations in Paragraph 31 purport to characterize 16 U.S.C. § 1854(b)(3) and *Oceana, Inc. v. Ross*, No. 17-CV-05146, Dkt. No. 124 at 8-9 (C.D. Cal. Nov. 18, 2019), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

32. The allegations in the first sentence of Paragraph 32 purport to characterize the NOAA Organizational Handbook: Transmittal No. 61, U.S. Department of Commerce (Feb. 24, 2015) ("NOAA Handbook"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. Defendants admit the allegations in the second sentence of Paragraph 32.

33. The allegations in the first sentence of Paragraph 33 purport to characterize the NOAA Handbook, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of Paragraph 33 are legal conclusions, to which no

response is required. To the extent that an answer is necessary, Defendants deny the allegations. Defendants admit the allegation in the third sentence of Paragraph 33 that the current NMFS Deputy Assistant Administrator for Regulatory Programs is Samuel D. Rauch III. The remaining allegations in the third sentence of Paragraph 33 are too vague and ambiguous to permit a response and are therefore denied.

34. The allegations in Paragraph 34 are too vague and ambiguous to permit a response and are therefore denied.

35. The allegations in Paragraph 35 purport to characterize 16 U.S.C. § 1852(a)(1)(E), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

36. The allegations in Paragraph 36 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

37. The allegations in Paragraph 37 purport to characterize 16 U.S.C. §§ 1852(a)(1)(E) and (e)(1), which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

38. The allegations in the first sentence of Paragraph 38 purport to characterize 16 U.S.C. § 1852(b)(1)(B), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. Defendants admit the allegation in the second sentence of Paragraph 38 that the NMFS Southeast Regional Administrator sits on the Gulf of Mexico Fisheries Management Council.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants admit the allegations in the first sentence of Paragraph 40. The allegations in second sentence of Paragraph 40 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in the second sentence of Paragraph 40 also purport to characterize 5 U.S.C. §§ 3592 and 7541-43, which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

41. The allegations in Paragraph 41 purport to characterize 16 U.S.C. § 1852(b)(1)(A), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

42. The allegations in Paragraph 42 purport to characterize the Magnuson Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

43. The allegations in Paragraph 43 purport to characterize 16 U.S.C. §§ 1852(b)(2)(C) and (a)(1)(E), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context is denied.

44. The allegations in Paragraph 44 purport to characterize 16 U.S.C. §§ 1852(a)(1)(E) and (b)(2)(C), and 50 C.F.R. § 600.215(a)(2)(iii), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context is denied.

45. The allegations in Paragraph 45 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 45 also purport to characterize 16 U.S.C. §§ 1852(b)(2)(C), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

46. The allegations in Paragraph 46 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations.

47. The allegations in Paragraph 47 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 47 also purport to characterize 16 U.S.C. §§ 1852(b)(6) and 1857(1)(O), which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

48. The allegations in Paragraph 48 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 48 also purport to characterize the Appointments Clause, U.S. Const. art II, § 2, cl. 2, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

49. The allegations in Paragraph 49 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 49 also purport to characterize the

Appointments Clause, U.S. Const. art II, § 2, cl. 2, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

50.     The allegations in Paragraph 50 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations.

51.     The allegations in Paragraph 51 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 51 also purport to characterize *Buckley v. Valeo*, 424 U.S. 1 (1976), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

52.     The allegations in Paragraph 52 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 52 also purport to characterize *Freytag v. Comm'r*, 501 U.S. 868 (1991), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

53.     The allegations in Paragraph 53 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 53 also purport to characterize *Buckley*, 424 U.S. at 140-41, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

54.     The allegations in Paragraph 54 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the

allegations. The allegations in Paragraph 54 also purport to characterize *Edmond v. United States,* 520 U.S. 651, 663 (1997), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

55. The allegations in Paragraph 55 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 55 also purport to characterize *Ryder v. United States*, 515 U.S. 177 (1995), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

56. The allegations in Paragraph 56 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 56 also purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

57. The allegations in Paragraph 57 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

58. The allegations in Paragraph 58 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 58 also purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

59. Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 58 above.

60. The allegations in Paragraph 60 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations.

61. The allegations in Paragraph 61 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 61 also purport to characterize 16 U.S.C. §§ 1852, 1852(b)(1)(A), and (b)(3), which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

62. The allegations in Paragraph 62 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 62 also purport to characterize 16 U.S.C. §§ 1854(a)(1)(A), (a)(3), and (a)(3)(C), which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

63. The allegations in Paragraph 63 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 63 also purport to characterize 16 U.S.C. § 1854(b), which speaks for itself and provide the best evidence of its contents. Any allegation contrary to its plain language, meaning, or context is denied.

64. The allegations in Paragraph 64 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

65. The allegations in Paragraph 65 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 65 also purport to characterize 16 U.S.C. §§ 1852(b)(6), 1854(a)(3) and (b), and 1852(e) and (g)-(i), which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

66. The allegations in Paragraph 66 are legal conclusions, to which no response is required. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 66 also purport to characterize *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477 (2010) and *Freytag*, 501 U.S. at 884, which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

67. Defendants admit the allegation in the first sentence of Paragraph 67 that Council members are not appointed through presidential nomination and Senate confirmation. The remaining allegations in Paragraph 67 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

68. The allegations in Paragraph 68 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

69. The allegations in Paragraph 69 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 69 also purport to characterize *Edmond*, 520 U.S. at 660, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

70. The allegations in Paragraph 70 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 70 also purport to characterize Article II, Section 2, Clause 2 of the U.S. Constitution, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

71. The allegations in Paragraph 71 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations.

72. The allegations in Paragraph 72 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Defendants deny the allegations. The allegations in Paragraph 72 also purport to characterize 5 U.S.C. § 706(2) and Article II, Section 2, Clause 2 of the U.S. Constitution, which speak for themselves and provide the best evidence of their contents. Any allegation contrary to their plain language, meaning, or context is denied.

### RESPONSE TO REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Request for Relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the relief requested in Prayer for Relief, including subparagraphs (1)-(4), or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified or denied herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs lack standing as to their claim for relief.

3. Defendants reserve their right to assert additional affirmative defenses during the course of this litigation.

Dated: August 31, 2023          Respectfully submitted,

TODD KIM
Assistant Attorney General
S. JAY GOVINDAN
Section Chief
MEREDITH L. FLAX
Deputy Section Chief

/s/ Shampa A. Panda
SHAMPA A. PANDA (*lead counsel*)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
Fax: (202) 305-0275
E-mail: shampa.panda@usdoj.gov
CA Bar No. 316218

DARREN J. LAMARCA
*United States Attorney*

s/ James E. Graves, III
James E. Graves, III
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201

Telephone:  (601) 965-4480
Facsimile:  (601) 965-4032
Email:      James.Graves@usdoj.gov
MS Bar No.  102252

Of Counsel:

MARA LEVY,
Attorney-Advisor
Office of the General Counsel
National Oceanic and Atmospheric Administration
U.S. Department of Commerce
263 13th Avenue South
St. Petersburg, FL 33701
Tel:  (727) 824-5302
Mara.Levy@noaa.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ Shampa A. Panda
SHAMPA A. PANDA
Trial Attorney (CA Bar No. 316218)
United States Department of Justice
Environment & Natural Resources
Division Wildlife & Marine Resources
Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
Fax: (202) 305-0275
E-mail: shampa.panda@usdoj.gov

*Attorney for Defendants*