**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| GEORGE D. ARNESEN, *et al.,* | |
| *Plaintiffs,* | |
| *v.* | |
| GINA RAIMONDO, *et al.,* | No. 1:23-cv-00145-TBM-RPM |
| *Defendants.* | |
| KAREN BELL, *et al.,* | |
| *Plaintiffs,* | |
| *v.* | |
| GINA RAIMONDO, *et al.,* | |
| *Defendants.* | |

**REPLY IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**PAGE**

I.  Plaintiffs Have Not Met Their Burden to Establish Standing ..................................... 1

   a.  Plaintiffs Lack Standing to Sue the Fisheries Service, AA Coit, and Secretary Raimondo ................................................................................................................... 2

   b.  The Council Did Not Cause Plaintiffs' Alleged Injuries ......................................... 3

   c.  DAARP Rauch Did Not Cause Plaintiffs' Alleged Injuries .................................... 6

   d.  Plaintiffs Cannot Show Redressability .................................................................... 7

II.  The Council, individual council members, and individual council member-designees should be dismissed as defendants ............................................................ 8

III.  Council members are not "officers" under the Appointments Clause .................... 9

IV.  DAARP Rauch did not issue the Final Rule .......................................................... 14

V.  Conclusion .............................................................................................................. 15

# TABLE OF AUTHORITIES

**CASES**                                                   **PAGE**

*Alaska Factory Trawler Ass'n v. Baldridge*,
831 F.2d 1456 (9th Cir. 1987) .................................................................................. 3, 7

*Am. Health Care Ass'n v. Burwell*,
217 F. Supp. 3d 921 (N.D. Miss. 2016) ......................................................................... 6

*Bennett v. Spear*,
520 U.S. 154 (1997) ........................................................................................................ 5

*BP Am. Prod. Co. v. Burton*,
549 U.S. 84 (2006) .......................................................................................................... 9

*Branton v. FCC*,
993 F.2d 906 (1993) ........................................................................................................ 7

*Burke v. Coggins*,
521 F. Supp. 3d 31 (D.D.C. 2021) ............................................................................... 12

*Ciena Corporation v. Oyster Optics, LLC*,
958 F.3d 1157 (Fed. Cir. 2020) .................................................................................... 14

*E.T. v. Paxton*,
41 F.4th 709 (5th Cir. 2022) ........................................................................................... 3

*Flaherty v. Ross*,
373 F. Supp. 3d 97 (D.D.C. 2019) ................................................................................. 8

*Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*,
561 U.S. 477 (2010) ...................................................................................................... 13

*Freytag v. Commissioner of Internal Revenue*,
501 U.S. 868 (1991) ................................................................................................ 13, 15

*Gulf Restoration Network v. Nat'l Marine Fisheries Serv.*,
730 F. Supp. 2d 157 (D.D.C. 2010) ............................................................................. 10

*Lovelace v. Software Spectrum*,
78 F.3d 1015 (5th Cir. 1996) .......................................................................................... 6

*Lucia v. SEC*,
138 S. Ct. 2044 (2018) ............................................................................................... 5, 9

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) .................................................................................. 6

*Mexican Gulf Fishing Co. v. U.S. Dep't of Com.*,
  587 F. Supp. 3d 428 (E.D. La. 2022), ....................................................... 9

*Nw. Env't Def. Ctr. v. Brennen*,
  958 F.2d 930 (9th Cir. 1992)................................................................... 2, 4

*Oklahoma v. United States*,
  62 F.4th 221 (6th Cir. 2023)..................................................................... 13

*Papasan v. Allain*,
  478 U.S. 265 (1986) .................................................................................. 7

*Plaut v. Spendthrift Farm*,
  514 U.S. 211 (1995) ................................................................................ 14

*S. La. Area Rate Cases v. Fed. Power Comm'n*,
  428 F.2d 407 ............................................................................................. 6

*Seila Law LLC v. Consumer Fin. Prot. Bureau*,
  140 S. Ct. 2183 (2020) ..................................................................... *passim*

*State of Louisiana v. Baldridge*,
  538 F. Supp. 625 (E.D. La. 1982) ............................................................. 7

*Texas v. Equal Employment Opportunity Commission*,
  ("EEOC"), 933 F.3d 433 (5th Cir. 2019) ................................................... 3

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*,
  2022 WL 2222879 (D. Alaska June 21, 2022) ........................................... 2

## STATUTES

16 U.S.C. § 1801(b)(5) ................................................................................ 9
16 U.S.C. § 1852(b)(1)(B) ......................................................................... 11
16 U.S.C. § 1852(h) ................................................................................... 10
16 U.S.C. § 1853(b)(6) ............................................................................... 11
16 U.S.C. § 1854(a)(1)(A) .................................................................... 10, 13
16 U.S.C. § 1854(a)(2) ............................................................................... 10
16 U.S.C. § 1854(a)(3).......................................................................... 4, 6, 11
16 U.S.C. § 1854(a)(3)(C) .......................................................................... 10
16 U.S.C. § 1854(b)(3) ............................................................................... 13

16 U.S.C. § 1854(c) ............................................................................................... 4

16 U.S.C. § 1854(c)(1)(A) ................................................................................... 11

16 U.S.C. § 1854(c)(1)(B) ................................................................................... 11

16 U.S.C. § 1854(e)(5)............................................................................................ 4

16 U.S.C. § 1854(h) ............................................................................................ 11

16 U.S.C. § 1855(c)(2)(A) ................................................................................... 11

## **FEDERAL REGULATIONS**

85 Fed. Reg. 7246, 7247 (Feb. 7, 2020) ........................................................... 12

The Secretary of Commerce, through Assistant Administrator of the National Marine Fisheries Service ("Fisheries Service") Janet Coit ("AA Coit"), properly issued the challenged regulation ("Final Rule"), giving legal effect to the management measures proposed in Amendment 54 to the Gulf Reef Fishery Management Plan to rebuild the overfished greater amberjack stock in the Gulf of Mexico. The Gulf of Mexico Fisheries Council ("Council" or "Gulf Council") had recommended Amendment 54 to the Secretary, and after AA Coit's approval, Deputy Assistant Administrator for Regulatory Programs Samuel Rauch ("DAARP Rauch") then performed the ministerial task of signing the Final Rule for publication in the Federal Register. Plaintiffs now challenge not the substance of the Final Rule, but the involvement of the Council and DAARP Rauch, who Plaintiffs erroneously contend serve in violation of the Appointments Clause. This type of challenge to regulations issued by the Secretary under the Magnuson Stevens Fishery Conservation and Management Act ("Magnuson Act") has been rejected by every court to address it, and this Court should also reject Plaintiffs' arguments either for lack of standing or as unsupported by the Magnuson Act's plain text.

## I.     Plaintiffs Have Not Met Their Burden to Establish Standing

Plaintiffs have failed to establish that they have standing to bring any of their claims. They do not challenge the substance of the Final Rule but levy claims of constitutional infirmities in the Council's structure and with DAARP Rauch's role in signing the Final Rule. As explained in Defendants' opening brief, Plaintiffs cannot show that the constitutional issues they raise as to the Council or DAARP Rauch caused their alleged injuries and, for similar reasons, Plaintiffs cannot show that the Court can provide redress for their claims.

**a. Plaintiffs Lack Standing to Sue the Fisheries Service, AA Coit, and Secretary Raimondo**

Plaintiffs argue that Defendants have "fail[ed] to address Plaintiffs' standing to sue [the Fisheries Service] and its officials." ECF No. 73 at 3. As noted in Defendants' opening brief, Plaintiffs "do not challenge the substance of the Final Rule," and instead "contend that it is legally deficient because" of alleged constitutional issues in the Council's structure and with DAARP Rauch's signing of the Final Rule. ECF No. 66 at 5. Thus, the relevant questions are whether the alleged constitutional violations they assert are the cause of their injuries, and whether their injuries can be redressed by remedying those alleged violations. The answer to both is no, as shown in Defendants' opening brief, and thus Plaintiffs lack standing to bring their claims against all Defendants, including the Fisheries Service, AA Coit, and Secretary Raimondo. *See United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv. ("UCIDA")*, No. 3:21-CV-00247-JMK, 2022 WL 2222879, at *20 (D. Alaska June 21, 2022) (dismissing similar constitutional claims against Fisheries Service, AA Coit, and Secretary Raimondo for lack of standing because plaintiffs could not "establish causation or redressability"); *Nw. Env't Def. Ctr. v. Brennen*, 958 F.2d 930, 937 (9th Cir. 1992) (affirming dismissal of constitutional claims against the Fisheries Service, former AA, and former Secretary because any "injury cannot be fairly traced to the alleged constitutional infirmities of the Council, and the relief sought on the constitutional claims would not redress that injury").

Plaintiffs contort their claims as challenges to the Final Rule itself—*i.e.,* that the Secretary should have rejected Amendment 54 and should not have promulgated the Final Rule because the Council was "powerless to submit Amendment 54 for approval in the first place." ECF No. 73 at 4. This is a mere repackaging of their complaint as to the

2

Council's structure and not a challenge to the substance of the Final Rule. *See also Alaska Factory Trawler Ass'n v. Baldridge*, 831 F.2d 1456, 1464 (9th Cir. 1987) ("[T]he Secretary's approval of a plan or amendment, standing alone, is not reviewable by the courts." (citation omitted)). The Court should reject Plaintiffs' attempt to "artful[ly] plead[]" and "make an end-run around the strictures of Article III." *See E.T. v. Paxton*, 41 F.4th 709, 717 (5th Cir. 2022).

### b.  The Council Did Not Cause Plaintiffs' Alleged Injuries

First, Plaintiffs argue that Defendants "conflate standing with the merits," relying on *Texas v. Equal Employment Opportunity Commission ("EEOC")*, 933 F.3d 433 (5th Cir. 2019). ECF No. 73 at 4–5. *Texas v. EEOC* is distinguishable, and Defendants do not improperly dispute the merits in support of their standing arguments.

In *Texas v. EEOC*, the court rejected the contention that Texas had not truly suffered a procedural harm for standing purposes because the EEOC's rule did not violate the Administrative Procedure Act's ("APA") notice-and-comment rules. 933 F.3d at 447. The court stated that it assumed "for purposes of the standing analysis, that Texas is correct on the merits of its claim that the Guidance was promulgated in violation of the APA." *Id.* Here, Defendants' standing arguments do not depend on disputing the merits of Plaintiffs' constitutional claims—i.e., that the Council and DAARP Rauch are improperly appointed and insulated from removal. Rather, Defendants' arguments properly assume that Plaintiffs are correct on the merits of these claims and ask whether they can show that they have "sustain[ed]" an injury "from an [act by the Council or DAARP Rauch] that allegedly exceeds [the Council's or DAARP Rauch's] authority." *See Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2196 (2020) (citation omitted). As explained in Defendants' opening brief, Plaintiffs cannot. Even if the Council and DAARP Rauch are

unconstitutionally installed, any harm Plaintiffs suffered is traceable only to the Final Rule—which they do not substantively challenge, and which was issued by AA Coit—and not any allegedly unconstitutional act by the Council. Moreover, as discussed below, the undisputed facts in the record show that even if DAARP Rauch is improperly appointed and insulated from removal, he did not in fact issue the Final Rule, and thus Plaintiffs cannot show that any unconstitutional act by DAARP Rauch caused their alleged harms. Indeed, the two cases on which Defendants primarily rely — *UCIDA* and *Brennen* — both properly dismissed essentially identical claims as to a Council for lack of standing, even assuming the plaintiffs' constitutional concerns had merit. *See, e.g.*, *Brennen*, 958 F.2d at 937 ("*Whatever constitutional infirmity may inhere in the Council's structure* has not caused the injury of which [plaintiff] complains." (emphasis added)).

Next, Plaintiffs assert that the Council "*had to act* for Amendment 54 to become law." ECF No. 73 at 5 (emphasis in original). This is incorrect—the Secretary has authority under the Magnuson Act to propose plans and amendments on her own. *See* 16 U.S.C. § 1854(c); 1854(e)(5) (requiring the Secretary to "prepare a fishery management plan or plan amendment and any accompanying regulations to stop overfishing and rebuild affected stocks of fish" under certain circumstances).[1] Moreover, while the Council recommended Amendment 54 and the Secretary—exercising her discretion under the Magnuson Act— agreed, the Council's recommendation itself has no legal effect on Plaintiffs. Thus, Plaintiffs have not "'sustain[ed] [an] injury' from an [act by the Council] that allegedly

---

[1] Plaintiffs also repeat their refrain that "Council proposals take effect as law" without action by the Secretary. ECF No. 72 at 7. As explained in Defendants opening brief, 16 U.S.C. § 1854(a)(3) does not imbue Council proposals with legal authority—they still lack legal effect until the Secretary enacts implementing regulations. Regardless, this provision is irrelevant to Plaintiffs' standing here, as Amendment 54 was approved by the Secretary and did not take effect under § 1854(a)(3). *See* ECF No. 66 at 11.

exceeds the [Council's] authority." *See Seila*, 140 S. Ct. at 2196 (citation omitted). Plaintiffs cite *Lucia v. SEC*, 138 S. Ct. 2044 (2018) as support for their standing to challenge the Final Rule based on alleged infirmities at the Council level, but that case does not even discuss standing. ECF No. 73 at 6–7 (citing *Lucia*, 138 S. Ct. at 2054 (discussing merits of whether Administrative Law Judge was an officer)).

Plaintiffs also mistakenly argue that *Bennett v. Spear*, 520 U.S. 154 (1997) is "instructive." ECF No. 73 at 7. In that case, the Court found that plaintiffs had standing to sue the U.S. Fish and Wildlife Service ("FWS") over a biological opinion ("BiOp") it issued to the U.S. Bureau of Reclamation ("BOR") under the Endangered Species Act ("ESA"). *See Bennett*, 520 U.S. at 157. The Court found that plaintiffs had standing to sue FWS because—although BOR would be implementing the project—FWS's BiOp had a "determinative or coercive effect" on BOR's implementation. *See id.* at 168–69. The Court found that the BiOp did not merely serve an "advisory function" because it "alter[ed] the legal regime to which the action agency [was] subject," including by exposing BOR and its employees to "substantial civil and criminal penalties, including imprisonment" under the ESA. *See id.* at 169-70. The ESA's legal regime is easily distinguishable from the structure of the Magnuson Act, in which the Council issues recommendations to the Secretary—which she then has the power and discretion to review, assess, and, if she finds it appropriate, promulgate into final rules. The Council performs an advisory function and the Secretary's final rules—not the Council's proposals—are the only actions that have "legal and binding" effects. *See* ECF No. 1 ¶ 24. And, unlike *Bennett*, the Secretary is not subject to any penalties if she disapproves of a recommendation made by the Council—all

she must do is explain her reasoning for doing so. *See* 16 U.S.C. § 1854(a)(3).[2]

Because any proposal by the Council is only that, there is a disconnect between Plaintiffs' challenge to the composition of the Council and the injuries they allege from the legally binding Final Rule.

### c.   DAARP Rauch Did Not Cause Plaintiffs' Alleged Injuries

Defendants' opening brief showed that—based on facts in the administrative record—Plaintiffs' alleged injuries do not stem from DAARP Rauch issuing the Final Rule. ECF No. 66 at 6-8. Instead, they are traceable to AA Coit, whose legal authority Plaintiffs do not challenge, and thus Plaintiffs have not "sustain[ed]" an injury "from an [act by DAARP Rauch] that allegedly exceeds [his] authority." *Seila*, 140 S. Ct. at 2196. In response, Plaintiffs (again) complain that Defendants are conflating the merits and standing analyses. ECF No. 73 at 9. As explained above, this is incorrect and regardless, at summary judgment, Plaintiffs cannot rely on "mere allegations" concerning DAARP Rauch's role in causing their alleged harms—they "must set forth by affidavit or other evidence specific facts" supporting standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 555 (1992); s*ee also*

---

[2] Plaintiffs ask the Court to take judicial notice of DAARP Rauch's statements about the effect of Council proposals. ECF No. 73 at 8 & n.3. Plaintiffs misunderstand judicial notice and its interplay with the Administrative Procedure Act ("APA"). Courts take judicial notice "only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996). Thus—at most—the statements are judicially noticeable for their existence, not to prove a contested issue. *S. La. Area Rate Cases v. Fed. Power Comm'n*, 428 F.2d 407, 438 n. 98 (5th Cir. 1970) (making clear it is improper to take judicial notice "for the purpose of resolving contested issues"). Moreover, "the use of judicial notice is highly restricted in the context of APA actions," and "a court may only consider an adjudicative fact subject to judicial notice that is not part of the administrative record if it qualifies for supplementation as extra-record evidence." *Am. Health Care Ass'n v. Burwell*, 217 F. Supp. 3d 921, 928 (N.D. Miss. 2016) (citation omitted). Plaintiffs do not argue that DAARP Rauch's statements qualify for supplementation of the record, and thus their request for judicial notice should be denied.

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) (federal courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Plaintiffs' response identifies no facts contravening the record evidence identified by Defendants' opening brief which shows that AA Coit, not DAARP Rauch, issued the Final Rule. *See* ECF No. 66 at 15–17. Unable to rebut Defendants' evidence, Plaintiffs claim that—even assuming DAARP Rauch did not issue the Final Rule—his ministerial act of signing it is sufficient for causation. ECF No. 73 at 9–10. But Plaintiffs need to show that they have sustained injury from an act by DAARP Rauch that "exceeds [his] authority," and based on the unrebutted evidence in the record, he did no such thing by ministerially signing the Final Rule that AA Coit authorized the issuance of. *See Seila*, 140 S. Ct. at 2196.

### d. Plaintiffs Cannot Show Redressability

Plaintiffs also cannot show that the Court can provide redress for their claims about the Council's structure and DAARP Rauch's ministerial act of signing the Final Rule. *See also Branton v. FCC*, 993 F.2d 906, 910 (1993) (traceability and redressability "tend to merge . . . in a case such as this where the requested relief consists solely of the reversal or discontinuation of the challenged action." (citation omitted)). The Council's proposals have no legal effect without implementing regulations, and even assuming there is a procedural irregularity with the Council's proposal, this will not invalidate the Final Rule. *See* ECF No. 66 at 13–14. Plaintiffs attempt to distinguish the facts of a few cases cited by Defendants, but they do not dispute that "procedural challenges for irregularities at the Council level will not provide a justification for invalidating the regulations." *Alaska Factory Trawler Ass'n*, 831 F.2d at 1464. Plaintiffs also ignore *State of Louisiana v. Baldridge*, 538 F. Supp. 625 (E.D. La. 1982), which makes clear that the Council's

recommendations are "relevant only to the extent that [they] affect[] the Secretary's decision to promulgate the regulations," and therefore any defects in the Council's recommendations are unactionable "absent affirmative proof" that the defects "makes the Secretary's implementation arbitrary and capricious." *Id.* at 630 n. 1. Again, Plaintiffs mount no challenge to the substance of the Final Rule. Their only complaint is that the Council had no authority to propose it. Thus, a decision finding that Amendment 54 was invalid would not justify invalidating of the Final Rule, and thus would not redress Plaintiffs' claimed injuries which stem from the Final Rule. Likewise, as to their claims of DAARP Rauch's lack of constitutional authority, the record shows that AA Coit issued the Final Rule. ECF No. 66 at 15–17. Accordingly, Plaintiffs' alleged injuries are caused by the independent (and unchallenged) action of the Secretary via AA Coit, and any judgment that DAARP Rauch did not have the constitutional authority to sign the Final Rule for publication in the Federal Register would not redress Plaintiffs' alleged injuries. *Id.* at 17–18.

## II.     The Council, individual council members, and individual council member-designees should be dismissed as defendants

The Council, individual council members, and individual council member-designees must be dismissed outright as defendants because the Council is not an "agency" under the APA and this Court therefore lacks jurisdiction over the Council, the individual council members, and individual council member-designees, who have been sued only in their official capacities. As the District Court for the District of Columbia held in a detailed order that this court should follow, "Congress, through the APA, has not waived the federal government's sovereign immunity as applied to the Council" and the Council is not an "agency" such that its decisions are reviewable under the APA. *Flaherty v. Ross*, 373 F.

Supp. 3d 97, 110 (D.D.C. 2019); *see also Mexican Gulf Fishing Co. v. U.S. Dep't of Com.*, 587 F. Supp. 3d 428, 441 (E.D. La. 2022) (explaining that "[c]ouncils cannot promulgate regulations themselves, and they are not considered federal agencies for purposes of the APA."), *rev'd on other grounds by Mexican Gulf Fishing Co. v. U.S. Dep't of Com.*, 60 F.4th 956 (5th Cir. 2023).

Plaintiffs' may not "also su[e]" under an equitable cause of action, ECF No. 72 at 13, because, as explained in Defendants' opening brief, the APA provides the sole vehicle by which Plaintiffs may bring any challenge to the Final Rule. ECF No. 66 at 18-20. Plaintiffs' challenge to the Fisheries Service's allegedly "erroneous failure to disapprove Amendment 54," ECF No. 72 at 14, also does not allow a cause of action against the Council because, again, any challenge under any legal theory against the Final Rule must be brought under the APA.

## III.   Council members are not "officers" under the Appointments Clause

As explained in Defendants' opening brief, ECF No. 66 at 20-32, Council members are not "officers of the United States" under the Appointments Clause because they neither "occupy a 'continuing' position established by law[,]" nor do they exercise "significant authority pursuant to the laws of the United States." *Lucia*, 138 S. Ct. at 2051. Plaintiffs misconstrue the plain text of the Magnuson Act in their attempt to convince this Court otherwise.

The text of the Magnuson Act lays out the separate obligations of the Secretary and the Council. *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006) ("We start, of course, with the statutory text."). It requires the Regional Fishery Management Councils "to exercise sound judgment in the stewardship of fishery resources through the preparation, monitoring, and revision of [fishery management] plans." 16 U.S.C. § 1801(b)(5). It directs

the Council's functions, which include "prepar[ing] and submit[ting] to the Secretary" fishery management plans ("FMPs") and amendments to those FMPs, holding public hearings "to allow all interested persons an opportunity to be heard in the development of fishery management plans," and submitting research priorities for the Secretary or Fisheries Service's consideration in developing the agency's research priorities and budgets for regions. *See id.* § 1852(h). But it then requires the Secretary—not the Council—to review proposed FMPs and FMP amendments and ensure that they conform to "the national standards, the other provisions of the [Magnuson Act], and any other applicable law." 16 U.S.C. § 1854(a)(1)(A). Only after "undertaking th[is] review," *id.* § 1854(a)(2), does the Magnuson Act allow the Secretary to promulgate a regulation that gives legal effect to a recommendation of the Council.

Plaintiffs claim that the Magnuson Act gives the Council power to have its proposals "take effect as law even if [the Fisheries Service] does nothing." ECF No. 72 at 7. But in support, they cite a provision of the Magnuson Act that addresses not regulations, which have legal effect, but FMPs and amendments to those plans, which have no legal effect. 16 U.S.C. § 1854(a)(3)(C). Even when an FMP or amendment "take[s] effect" under this statutory provision, it cannot "take effect as law" without a corresponding implementing regulation by the Secretary. *See, e.g.*, *Gulf Restoration Network v. Nat'l Marine Fisheries Serv.*, 730 F. Supp. 2d 157, 174 (D.D.C. 2010) (no cause of action to challenge a fishery management plan when the Secretary did not issue corresponding implementing regulations).

There is also no merit to Plaintiffs' contention that the Council can "force" the Secretary to promulgate emergency regulations, ECF No. 72 at 12, as any measure under

16 U.S.C. § 1855(c)(2)(A) must pass via unanimous vote and the Fisheries Service Regional Administrator works for the Secretary and is a voting member of the Council, 16 U.S.C. § 1852(b)(1)(B). The Regional Administrator's vote would be required to "force" the Secretary's promulgation of emergency regulations. Similarly unpersuasive is Plaintiffs' argument that the Council has the "unchecked ability" to bar the Secretary from adopting a "limited access system" for a fishery, ECF No. 72 at 16. The Magnuson Act includes many factors that must be considered before the Secretary may establish such a program, 16 U.S.C. § 1853(b)(6), (a), and the advisory input from the Council in that event does not suggest the Council possesses "significant authority." And, once again, Plaintiffs misread 16 U.S.C. § 1854(h) as limiting the Secretary when it functions instead as a limit on the *Council* by stating that if the Council wants to repeal or revoke its own FMP, it can only do so by a three-quarters majority, thus requiring a greater consensus from the Council for any such recommendation compared to the majority specified in § 1852(c)(1).

Plaintiffs similarly mischaracterize 16 U.S.C. § 1854(a)(3) as authorizing the Council to "reject" the Secretary's recommended changes and preventing the Secretary from "implement[ing] her own policy." ECF No. 72 at 17. If the Secretary has used her discretion under this provision to "disapprove, or partially approve" an FMP or amendment proposed by the Council, the Council "may submit a revised plan" for the Secretary's consideration, *id.* § 1854(a)(3), (4), but if a Council rejects the Secretary's recommended changes, the Council's recommendation remains just that—a recommendation, with no legal effect. Further, in circumstances where the Council has failed to "develop and submit" a plan to the Secretary, *id.* § 1854(c)(1)(A), or the Council fails to submit a revised plan or amendment, *id.* § 1854(c)(1)(B), she retains the authority to prepare her own Secretarial

plan and implementing regulations independent of the Council.

The Secretary is also not "forced to implement Council regulations" that she opposes, ECF No. 72 at 21, and Plaintiffs' reliance on *Oceana, Inc. v. Ross*, No. 17-cv-05146, ECF No. 124, at 2-3 (C.D. Cal. Nov. 18, 2019) is misplaced. There, the Fisheries Service had exercised its discretion to withdraw proposed regulations on bycatch caps for certain protected species that the Pacific Fishery Management Council had submitted. *Id.* at 7. However, the court both ordered the Fisheries Service to publish final regulations by a date certain and to consult the Council before making any revisions to the proposed regulations. *Id.* at 7. As the Fisheries Service explained in the final rule—from which Plaintiffs cherry-pick quotations—because the Council did not meet until *after* the date by which the Court ordered the Fisheries Service to publish the final rule, the Fisheries Service "d[id] not have an opportunity to consult with the Council on revisions to the regulations before the Court's deadline." 85 Fed. Reg. 7246, 7247 (Feb. 7, 2020). Indeed, the Fisheries Service added that it was "soliciting public comment on this final rule to gather information that can be used to develop [] a *separate* rulemaking" that it would engage in after "publishing the rule" in "accord with the [court] order." *Id.* (emphasis added). To the extent the Secretary's discretion was constrained in *Oceana*, it was because of compliance with a judicial order, not simply the Magnuson Act. Indeed, a D.C. district court ultimately vacated that final rule, noting that the Fisheries Service had concluded prior to publishing the rule that it was not consistent with National Standard 7 of the Magnuson Stevens Act, but "promulgated the Hard Caps Rule *only to comply with the California district court's order*[.]" *Burke v. Coggins*, 521 F. Supp. 3d 31, 38-39 (D.D.C. 2021) (emphasis added).

Plaintiffs' characterization of the relationship between the Federal Trade

Commission ("FTC") and the Horseracing Authority, which the Sixth Circuit upheld in *Oklahoma v. United States*, 62 F.4th 221 (6th Cir. 2023), also does not support, let alone "reinforce," Plaintiffs' contention that the Council plays more than a purely advisory role under the Magnuson Act. ECF No. 72 at 23. For example, like the review that the Secretary conducts under 16 U.S.C. § 1854(a)(1)(A), the FTC reviewed the initial rule proposed by the Horseracing Authority for legal consistency. *See Oklahoma*, 62 F.4th at 232. And much like the Secretary must "consult with the Council" about any revision she makes to a regulation proposed by the Council, 16 U.S.C. § 1854(b)(3), the FTC was required to explain changes to Horseracing Authority rules, *see Oklahoma*, 62 F.4th at 233. The Sixth Circuit held the Act did not implicate non-delegation concerns because the FTC retained "the final say" over its implementation. *Id.* at 225 (internal quotation marks omitted). Similarly, under the Magnuson Act, the Secretary has the "final say" over its implementation. *See* ECF No. 66 at 38-39 (collecting cases showing that the Councils function solely as advisers and the Secretary retains the sole authority to take final action).

While the work performed by Council members aids the Secretary's policymaking on complex fishery matters, the Magnuson Act demonstrates that Congress views Council members as standing on a different constitutional footing than officers such as the Secretary who "determine[] the policy and enforce[] the laws of the United States." *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 484 (2010). Congress reserved final decisionmaking authority for the Secretary, who is a politically accountable official, and made clear that Council members do not occupy a continuing position or have the range of powers of those that the Supreme Court has found to be officers, such as the judges of the Tax Court in *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868 (1991) or the

Administrative Law Judges of the U.S. Securities and Exchange Commission in *Lucia*. Accordingly, this Court should find that Council members fall outside the ambit of the Appointments Clause.

## IV.   DAARP Rauch did not issue the Final Rule

The Court need not reach Plaintiffs' Appointments Clause challenge to DAARP Rauch, as Plaintiffs forfeited any such challenge by failing to raise it at the public comment stage. This Court need not, as Plaintiffs argue, forgive a forfeiture of claims that implicate structural constitutional concerns. As the Federal Circuit recognized in *Ciena Corporation v. Oyster Optics, LLC*, the "Court in *Freytag* not only said it was exercising its 'discretion' to consider the otherwise waived constitutional challenge; it said that exercising such discretion should only occur in 'rare' circumstances." 958 F.3d 1157, 1161 (Fed. Cir. 2020) (quotations omitted). As the *Ciena* court further explained, it is not that a reviewing court "ha[s] no choice but to consider the issue[,]" but that it has the discretion to do so. *Id.; cf. Plaut v. Spendthrift Farm*, 514 U.S. 211, 231 (1995) (explaining that "the proposition that legal defenses based upon doctrines central to the courts' structural independence can never be waived simply does not accord with our cases"). This Court should exercise its discretion to reject this challenge as forfeited, as it could have been brought to the Fisheries Service's attention through public comment, where DAARP Rauch also signed the proposed rule. Plaintiffs' failure to do so deprived the Fisheries Service of the opportunity to correct any legal infirmity.

Even if the Court finds that Plaintiffs have not forfeited this claim, it still fails. There is no cognizable argument that DAARP Rauch "serves unlawfully because he is unconstitutionally insulated from removal," ECF No. 72 at 18, as removal protections apply only to officers. *See Seila*, 140 S. Ct. at 2196. DAARP Rauch did not act as an officer

by issuing the Final Rule—AA Coit issued the rule. DAARP Rauch instead performed the "ministerial task[]" of signing the Final Rule[3] for publication in the Federal Register. *Freytag*, 501 U.S. at 881. Plaintiffs would have this Court believe that signature of the Final Rule transforms DAARP Rauch into an officer, an argument that the *Freytag* court rejected.

## V.    Conclusion

For the reasons stated above and in Defendants' opening brief, the Court should grant Defendants' cross-motion for summary judgment and enter judgment for Defendants on all counts of Plaintiffs' complaint.[4]

Dated: September 18, 2023    Respectfully submitted,

TODD KIM
Assistant Attorney General
S. JAY GOVINDAN
Section Chief
MEREDITH L. FLAX
Deputy Section Chief

*/s/ Shampa A. Panda*
SHAMPA A. PANDA (*lead counsel*)
Trial Attorney (CA Bar No. 316218)
United States Department of Justice

---

[3] Plaintiffs mischaracterize Defendants' opening brief as supporting the inaccurate argument that "[a]t the time DAARP Rauch signed and published Amendment 54, *only* he had the authority to do so." ECF No. 72 at 21 n. 9 (emphasis added). Not so. Defendants' opening brief cited to the National Oceanic and Atmospheric Administration Organizational Handbook, which subdelegates the authority to sign material for publication in the Federal Register to DAARP Rauch *from* Secretary Raimondo and AA Coit. AR8861-71. When DAARP Rauch signed the Final Rule, AA Coit or Secretary Raimondo also had the legal authority to sign the Final Rule.

[4] Although Defendants do not believe that any remedy is warranted in this case, if the Court finds that any of Plaintiffs' claims have merit—which it should not—Defendants renew their request for the opportunity to provide supplemental briefing on the appropriate remedy as any such inquiry depends on the contours of the Court's ruling on the merits. ECF No. 66 at 34.

Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
Fax: (202) 305-0275
E-mail: Shampa.Panda@usdoj.gov

DARREN J. LAMARCA
*United States Attorney*

*s/ James E. Graves, III*
JAMES E. GRAVES, III
Assistant United States Attorney (MS Bar No. 102252)
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
Tel: (601) 965-4480
Fax: (601) 965-4032
E-mail:  James.Graves@usdoj.gov

Of Counsel:

MARA LEVY
Attorney-Advisor
Office of the General Counsel
National Oceanic and Atmospheric Administration
U.S. Department of Commerce
263 13th Avenue South
St. Petersburg, FL 33701
Tel: (727) 824-5302
E-mail: Mara.Levy@noaa.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Shampa A. Panda*          
SHAMPA A. PANDA
Trial Attorney (CA Bar No. 316218)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
Fax: (202) 305-0275
E-mail: Shampa.Panda@usdoj.gov

*Attorney for Defendants*
