IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| George D. Arnesen, *et al.*<br><br>   *Plaintiffs*,<br> v.<br><br>Gina Raimondo, U.S. Secretary of Commerce, *et al.*<br><br>   *Defendants*.<br><br>Karen Bell, *et al.*<br><br>   *Plaintiffs*,<br> v.<br><br>Gina Raimondo, U.S. Secretary of Commerce, *et al.*<br><br>   *Defendants*. | No.: 1:23-cv-00145-TBM-RPM |

**GULF OF MEXICO REEF FISH SHAREHOLDERS' ALLIANCE AND SEAFOOD HARVESTERS OF AMERICA'S MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF**

I.      INTRODUCTION

Plaintiffs seek to upset the entire system by which marine fisheries have been managed in this country for nearly 50 years. They also seek to fish for greater amberjack in excess of catch limits recommended by scientists to prevent overfishing and protect the stock. Both forms of relief would injure the interests of Gulf of Mexico Reef Fish Shareholders' Alliance ("Shareholders' Alliance") and Seafood Harvesters of America ("Harvesters") (collectively, "Proposed Intervenors"), including their property interests in commercial fishing permits that authorize them to fish for amberjack and other reef fish species.

In order to protect these property interests, Proposed Intervenors timely moved to intervene in this action on August 15, 2023. ECF No. 53. Nine days later, the Court granted the parties' joint motion to enter a summary judgment briefing schedule. *See* ECF No. 60. Thus, in their reply in support of intervention filed on September 5, Proposed Intervenors represented to the Court that their intervention, if permitted, be conditioned on the following limitations:

- They will forgo the filing of their proposed Rule 12(b)(6) motion to dismiss (ECF Nos. 53-4–53-5).

- They will instead will file a cross-motion for summary judgment and opposition to the *Bell* Plaintiffs' motion for summary judgment, with a supporting memorandum brief not to exceed 35 pages, on September 29, 2023 (the same date that the Federal Defendants' cross-motion is due).

Because Proposed Intervenors' motion to intervene is still pending before the Court, ECF No. 53, Proposed Intervenors respectfully move for leave to file an amicus brief in lieu of filing a cross-motion for summary judgment and opposition to the *Bell* Plaintiffs' motion for summary judgment. Proposed Intervenors continue to seek intervenor status in this case, but are now seeking leave to file a brief as amici to present argument consistent with the current briefing schedule.

Counsel for Proposed Intervenors conferred with counsel for the parties pursuant to Local

Rule 7(b)(10).  Plaintiffs do not oppose this motion, and Defendants take no position.

## II.     IDENTITY AND INTERESTS OF AMICI CURIAE

**Shareholders' Alliance** is a nonprofit corporation organized under the laws of the State of Texas, which represents commercial fishermen and women in the Gulf of Mexico and is based in Galveston, Texas.  ECF No. 53-1 at ¶ 4 (Guindon Decl.).  The mission of the Shareholders' Alliance is to unify and strengthen the reef fish fishing industry, and to achieve sustainability and accountability through the use of individual fishing quotas to manage the catch of reef fish species in the Gulf of Mexico.  *Id.*  Members of the Shareholders' Alliance strive to conserve fish by reducing bycatch, protecting the marine environment, and improving accountability for all fishing sectors, while improving safety in the fishing industry and enhancing the economic value of fisheries in the Gulf of Mexico.  *Id*.

**Harvesters** is the largest commercial fishing association in the United States.  ECF No. 53-2 at ¶ 2 (Habegger Decl.).  Harvesters represents commercial fishing interests across the country from Dutch Harbor, Alaska, to Honolulu, Hawaii, Pass Christian, Mississippi, and Portsmouth, New Hampshire.  *Id.*  Its broad membership reflects the diversity of the nation's coastal communities, the complexity of its marine environments, and the enormous potential of the commercial fishing industry.  *Id.*  Based in Washington, D.C., and founded by commercial fishermen and women in 2014, Harvesters serves as a unified, strong, and influential voice for the commercial fishing industry.  *Id.*  Harvesters educates policymakers and the public about the U.S. commercial fishing industry, the success story of fisheries management in this country, and the benefits of a strong, domestic industry; and Harvesters works with lawmakers and federal agencies to balance regulatory objectives, budget priorities, and conservation goals in order to maximize the potential of the nation's commercial fishing industry.  *Id.*  As a steward of the nation's marine

resources, Harvesters takes pride in responsibly harvesting the nation's seafood and works to advance the policies and regulations that promote sustainable fisheries. *Id.*

Both Proposed Intervenors have property interests at stake, and the disposition of this action could impair those interests. *See* Fed. R. App. P. 29(a)(3)(A). As explained in the memorandum in support of Proposed Intervenors' motion to intervene, ECF No. 54 at 17–19, Proposed Intervenors, both the Shareholders' Alliance and Harvesters, represent participants in the commercial fishing industry with government-issued commercial reef fish permits entitling them to catch and sell amberjack in the Gulf. *See* ECF No. 53-1 at ¶ 2 (Guindon Decl.); ECF No. 53-2 at ¶ 8 (Habegger Decl.). Because Plaintiffs' asserted claims directly affect Intervenors' commercial and conservation interests in the Gulf amberjack fishery and the regulatory regime that helps manage it, Proposed Intervenors also have interests in the regulatory regime that Plaintiffs attack, namely their longstanding engagement in the process that develops regulations governing their businesses. *See* ECF No. 54 at 17–19. All of these interests are legally protectable. *See id.* (citing case law).

Proposed Intervenors thus have narrow interests in the amberjack fishery and broader interests in the regulatory regime, all of which are threatened by the relief Plaintiffs seek.[1]

### III. PROPOSED INTERVENORS' AMICUS BRIEF WILL ASSIST THE COURT

Proposed Intervenors' amicus brief is also "desirable" and the "matters asserted [therein] are relevant to the disposition of this case." Fed. R. App. P. 29(a)(3)(B); *see also Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (district courts welcome amicus briefs from non-parties when amici have "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide").

---

[1] Plaintiffs do not dispute that Proposed Intervenors have future interests in a greater amberjack harvest, or that disposition of this action would impair Proposed Intervenors' interests. *See* ECF No. 62 at 17.

This case presents important constitutional questions, as Plaintiffs seek to invalidate and enjoin the "core" of the "regulatory apparatus" of the Magnuson-Stevens Fishery Conservation and Management Act ("Magnuson-Stevens Act"), 16 U.S.C. § 1801 *et seq.*, which has governed management of marine fisheries in this country for nearly 50 years. *See* ECF No. 1 at ¶ 5 (Compl. filed by *Arnesen* Pls.). Specifically, Plaintiffs assert that members of the regional fishery management councils ("Councils") established by Magnuson-Stevens Act were not appointed in accordance with the Appointments Clause of the U.S. Constitution. *See id.* The Proposed Intervenors' proposed amicus brief, a copy of which accompanies this motion, directly addresses these constitutional questions, including the merits of Plaintiffs' principal assertion that portions of the Magnuson-Stevens Act—and the entire Council structure—are unconstitutional.

Further, Proposed Intervenors bring a unique perspective that differs from that of Defendants: Proposed Intervenors' members have discrete economic interests that are readily distinguishable from the federal government's broader public interests; the government has historically tolerated overharvesting of reef fish in the Gulf of Mexico over Proposed Intervenors' opposition; and Proposed Intervenors have held different positions than the government on management of the reef fish fishery in the past. *See* ECF No. 54 at 20–25. Proposed Intervenors also hold different positions than the government on issues raised by this case, including the government's arguments regarding standing and other arguments that are prejudicial to Proposed Intervenors. ECF No. 67 at 13–14.

Proposed Intervenors also have extensive knowledge of the Council structure, which allows stakeholders like Proposed Intervenors and all other "interested persons an opportunity to be heard in the development of fishery management plans and amendments to such plans, and with respect to the administration and implementation of" the Magnuson-Stevens Act. 16 U.S.C.

§ 1852(h)(3); *see, e.g.*, ECF No. 53-1 at ¶ 6 (Guindon Decl.) (Guindon and other Shareholders' Alliance representatives, as commercial and recreational fishermen, "regularly attend and participate in meetings held by the Gulf Council and NMFS regarding the Gulf of Mexico reef fish fishery"); ECF No. 53-2 at ¶ 5 (Habegger Decl.) ("The Councils provide a convenient, public forum for stakeholders of the fisheries in their respective regions to provide input on how their fisheries should be managed" and that Harvesters' members "regularly attend Council meetings, provide public comment, . . . interact with other stakeholders, state and federal officials and Council members to provide input and recommendations").

Proposed Intervenors' amicus brief will therefore assist the Court in resolving the important constitutional questions raised in this case. *See* Fed. R. App. P. 29(a)(3)(B); *see also Cobell*, 246 F. Supp. 2d at 62.

## IV.   CONCLUSION

For these reasons, Proposed Intervenors respectfully request that the Court grant their unopposed motion for leave to file an amicus curiae brief in this case, without prejudice to Proposed Intervenors' pending motion to intervene (ECF No. 53). This motion is accompanied by a copy of the proposed amicus curiae brief.

Dated:  September 29, 2023.

Respectfully submitted,

**K&L GATES LLP**

*/s/ Jack R. Dodson III*
J. Timothy Hobbs (*pro hac vice* pending)
Jack R. Dodson, III (MS Bar # 10397)
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, TN 37203

(615) 514-1811
Tim.Hobbs@klgates.com
Rob.Dodson@klgates.com

Shelby Stoner (*pro hac vice* pending)
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
206-623-7580
Shelby.Stoner@klgates.com

*Attorneys for Intervenor-Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 29, 2023, I filed the foregoing document, and any attachments thereto, with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel of record, all of whom are ECF participants:

| | |
|---|---|
| Robert W. Wilkinson<br>Alexander Kelly Sessoms, III<br>Wilkinson, Williams, Bosio & Sessoms, PLLC<br>734 Delmas Avenue<br>P.O. Box 1618<br>Pascagoula, MS 39568<br>Tel.: 228-762-2272<br>Fax: 228-762-3223<br>Email: rwilkinson@wwbslaw.com<br>      ksessoms@wwbslaw.com | Darren J. Lamarca<br>United States Attorney<br><br>James E. Graves, III<br>Assistant United States Attorney<br>501 East Court Street, Suite 4.430<br>Jackson, Mississippi 39201<br>Tel.: 601-965-4480<br>Fax: 601-965-4032<br>Email: James.Graves@usdoj.gov |
| Brett A. Shumate (admitted *pro hac vice*)<br>John Henry Thompson (admitted *pro hac vice*)<br>Louis Joseph Capozzi, III (admitted *pro hac vice*)<br>Jones Day<br>51 Louisiana Avenue NW<br>Washington, D.C. 20001<br>Tel.: 202-879-3939<br>Fax: 202-626-1700<br>Email: bshumate@jonesday.com<br>      jhthompson@jonesday.com<br>      lcapozzi@jonesday.com | Todd Kim<br>Assistant Attorney General<br>S. Jay Govindan<br>Section Chief<br>Meredith L. Flax<br>Deputy Section Chief<br><br>Shampa A. Panda<br>Trial Attorney<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Wildlife & Marine Resources Section<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>Tel.: 202-305-0431<br>Email: shampa.panda@usdoj.gov |
| James M. Burnham (admitted *pro hac vice*)<br>King Street Legal, PLLC<br>800 Connecticut Avenue NW, Ste. 300<br>Washington, D.C. 20006<br>Tel.: 602-501-5469<br>Email: james@kingstlegal.com | Charles E. Cowan<br>Wise, Carter, Child & Caraway<br>401 East Capitol Street, Ste. 600<br>P.O. Box 651 (39205-0651)<br>Jackson, MS 39201<br>Tel.: 601-968-5514<br>Fax: 601-968-5519<br>Email: cec@wisecarter.com |

                                      */s/ Jack R. Dodson III*
                                      Jack R. Dodson III