UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GEORGE D. ARNESEN et al                                                    PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:23-CV-145-TBM-RPM

GINA RAIMONDO et al                                                        DEFENDANTS

---

KAREN BELL et al                                                           PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:23-CV-160-HSO-RPM

GINA RAIMONDO et al                                                        DEFENDANTS

## <u>ORDER DENYING MOTION TO INTERVENE</u>

Before the Court is a motion to intervene filed by Gulf of Mexico Reef Fish Shareholders' Alliance and Seafood Harvesters of America (Proposed Intervenors).  Doc. [53]. Consolidated Plaintiffs filed the instant petition for review and complaint pursuant to the United States Constitution and the Magnuson-Stevens Act, 16 U.S.C. § 1855(f).  The Magnuson-Stevens Act was passed by Congress in 1976 to conserve and manage the fishery resources of the United States.  16 U.S.C. § 1801(b)(1); *Oregon Trollers Ass'n v. Gutierrez*, 452 F.3d 1104, 1108 (9th Cir. 2006).  "With respect to the Magnuson-Stevens Act, the Department of Commerce has delegated regulatory authority to the National Oceanic and Atmospheric Administration, and NOAA regulates fisheries through the National Marine Fisheries Service (one of its subagencies)."  *Mexican Gulf Fishing Co. v. U.S. Dep't of Commerce*, 60 F.4th 956, 961 (5th Cir. 2023).  The Act creates supervisory bodies called fishery management councils that have jurisdiction within defined regions.  *Id.*  The Gulf of Mexico Fishery Management Council

(Council) and its members have been named as defendants.  The Council develops management measures for the Gulf of Mexico region and proposes them to the U.S. Secretary of Commerce. Plaintiffs allege that, as part of its regulatory functions under the Act, Defendants unlawfully implemented an amendment to the Fishery Management Plan (FMP) of the Reef Fish Resource of the Gulf of Mexico.  Among the Council's proposals is the amendment subject to the instant lawsuit.

The amendment at issue lowered the total amount of greater amberjack caught in federal waters of the Gulf of Mexico and reallocated the permitted catch between commercial and recreational fishermen.  Plaintiffs contend that the individuals holding seats on the Council were not properly appointed pursuant to the Appointments Clause of the Constitution.  U.S. Const. art. II, § 2, cl. 2.  Furthermore, Plaintiffs assert that Council members are unconstitutionally insulated from removal.  Plaintiffs further assert that Defendant Samuel D. Rauch, III, National Marine Fisheries Service Deputy Assistant Administrator for Regulatory Programs, is unconstitutionally insulated from removal.  By extension, Plaintiffs allege that the Council's FMP actions, including the subject amendment to the FMP, are unconstitutional.

Proposed Intervenors represent participants in the commercial fishing industry affected by Council rulings with respect to their fishing operations.  They argue that Plaintiffs' claims directly affect Proposed Intervenors' commercial and conservation interests in the Gulf amberjack fishery.  They seek to intervene as defendants to advocate for their interests.

**Violations of the Local Rules**

As an initial matter, movants' pleadings offend the Local Rules in two important respects.  First, the Local Rules provide that a "[m]ovant's original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages".  L.U.Civ.R. 7(b)(5).  Proposed

Intervenors' briefs total 48 pages, well beyond the page limits set by the Local Rules.  *See* Doc. [54] [67].  The briefs would fall within the Local Rules' page limits if the Court were to exclude from its count the lengthy table of contents and table of authorities, the signature pages, and the certificates of service.  However, the Local Rules make no provision for excluding these items from the page limits.

Second, and more egregiously, Proposed Intervenors' pleadings include the names of attorneys who have not yet been admitted *pro hac vice*.  On the motion to intervene, memorandum in support, and rebuttal memorandum, attorneys J. Timothy Hobbs and Shelby Stoner are listed as counsel for the Proposed Intervenors, albeit with the notations "*pro hac vice pending*".  Doc. [53] at 2-3; [54] at 28-29; [67] at 17.  In fact, the motion to intervene and memorandum in support were filed prior to Hobbs and Stoner filing their PHV motions.  Doc. [57] [58].  Despite not having been granted leave to appear PHV, Hobbs and Stoner also are listed as counsel for Proposed Intervenors on their recently filed motion for leave to file brief of *amicus curiae*.  Doc. [75] at 2.

Rule 83.1(d)(7)(E) of the Local Rules provides that a PHV "application ordinarily should be granted unless the court finds reasons to believe that" "the applicant had, before application, filed or appeared in the federal court without having secured approval under these rules."  By including the PHV applicants' names on Proposed Intervenors' pleadings, the applicants have come perilously close to violating the Court's Local Rules regarding PHV admissions.  *See Clayton v. City of Oxford, Miss.*, No. 3:21-cv-174-GHD-JMV, 2021 WL 4699182 (N.D.Miss. Oct. 7, 2021); *Reech v. Sullivan*, No. 3:18-cv-35-HSO-LRA, 2018 WL1698303 (S.D. Miss. Apr. 5, 2018); *Isom v. Valley Forge Ins. Co.*, No. 2:16-cv-109-KS-MTP, 2016 WL 4183315 (S.D.Miss. Aug. 5, 2016).  Arguably, by including their names, the attorneys "appeared in

federal court" prior to securing PHV admission.  The Court notes this is not the first time in this

case the Local Rules on PHV admissions have been flouted.  Previously, attorneys John Henry

Thompson, James M. Burnham, Brett A. Shumate, and Louis Joseph Capozzi, III, included their

names on pleadings for Plaintiffs prior to obtaining leave to proceed PHV.  *See* Doc. [17].

**<u>Intervention as of Right</u>**

Proposed Intervenors argue they are entitled to intervene as of right pursuant to Federal

Rule of Civil Procedure 24(a)(2).  Rule 24(a)(2) provides that,

> on timely motion, the Court must allow intervention by anyone
> who claims an interest relating to the property or transaction that is
> the subject of the action, and is so situated that disposing of the
> action may as a practical matter impair or impede the movant's
> ability to protect its interest, unless existing parties adequately
> represent that interest.

Fed. R. Civ. P. 24(a)(2).  In the Fifth Circuit, a proposed intervenor must satisfy a four-part test

to qualify for intervention as of right: (1) the motion must be timely; (2) the movant must have

an interest relating to the property or transaction; (3) there is a possibility that the legally

protectable interest may be impaired or impeded by the litigation if intervention is denied; and

(4) the movant's interest may be inadequately represented by the existing parties.  *La Union del*

*Pueblo Entero v. Abbott*, 29 F.4th 299, 305-08 (5th Cir. 2022).  Although "Rule 24 is to be

liberally construed," Proposed Intervenors carry the burden to prove they satisfy each element.

*Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (quoting *Brumfield v.*

*Dodd*, 759 F.3d 339, 341 (5th Cir. 2014)).  In resolving the motion, the Court accepts Proposed

Intervenors' factual allegations as true.  *Id*.

When considering a petition filed pursuant to the Magnuson-Stevens Act, the Court

"shall expedite the matter in every possible way."  16 U.S.C. § 1855(f)(4).  Proposed Intervenors

filed the motion to intervene approximately a month and a half after the original complaint was

filed.  While ordinarily such a delay would not qualify as untimely, the Court already has set a briefing schedule for summary judgment motions based on the parties' joint motion.  *See* Text Only Order (8/24/2023).  According to Plaintiffs' complaint, the subject amendment triggered the immediate closure of the 2023 commercial amberjack fishing season; and unless the amendment is invalidated, they will not be able to harvest amberjack until the 2024 season.  In fact, Plaintiffs have filed a motion for preliminary injunction based on the immediate closure of the 2023 commercial amberjack season and the immediate injury caused by the alleged unconstitutional acts.  Doc. [6].  Given the statutory directive to expedite Plaintiffs' claims, the time-sensitive nature of the underlying subject matter, and the pending motion for preliminary injunction, an intervention at this date has the potential to delay proceedings.  *See Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (timeliness "analysis is contextual; absolute measures of timeliness should be ignored.").  The issue of timeliness weighs against intervention.

The second factor also weighs against intervention.  The Proposed Intervenors argue their commercial fishing activities are affected by the decisions of the Council.  However, the limited issue before the Court is whether the Council members were appointed in violation of the Appointments Clause and whether they are unconstitutionally insulated from removal.  While Proposed Intervenors' future economic and non-economic interests may be affected by the Council's actions, the constitutional questions of appointment and removal of Council members have no direct bearing on the Proposed Intervenors' economic interests.  Proposed Intervenors simply seek to uphold the current regulatory regime as it relates to fishing in the Gulf of Mexico. They have failed to identify a "direct, substantial, legally protectable interest in the proceedings." *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996).

Even assuming arguendo that the Proposed Intervenors' meet the first three factors for intervention of right, they have not demonstrated that their interests may be inadequately represented by Defendants.  If an existing party is a governmental body representing the intervenor's interest, adequacy of representation is presumed; and the movant must show that its interest is in fact different from and will not be represented by the governmental party.  *La Reunion del Pueblo Entero*, 29 F.4th at 308; *Edwards*, 78 F.3d at 1005.  Defendants and their able attorneys at the U.S. Department of Justice, backed by the resources of the United States of America, are defending against this lawsuit.  Proposed Intervenors' unique economic interests are a consequence of the challenged regulatory scheme but are not directly at issue in the pending litigation.

Moreover, when the movant and an existing party have "the same ultimate objective," the movant must show "adversity of interest, collusion or nonfeasance on the part of the existing party." *Texas v. United States*, 805 F.3d 653, 661-62 (5th Cir. 2015).  Defendants and the Proposed Intervenors both seek to uphold the constitutionality of the Council and its decisions.  They advocate to maintain the current regulatory structure for managing marine fisheries in the Gulf of Mexico.  In other words, Defendants and Proposed Intervenors seek the same ultimate objective.  Proposed Intervenors fail to point to adversity of interest, collusion, or nonfeasance that would justify their addition to this lawsuit as a party defendant.  Based on the foregoing, the Court finds Movants are not entitled to intervention as a matter of right.

**<u>Permissive Intervention</u>**

Alternatively, Proposed Intervenors argue they should be allowed permissive intervention under Rule 24(b)(1)(B), which allows intervention by someone who "has a claim or defense that shares with the main action a common question of law or fact."  "Permissive intervention is

wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Bush v Viterna*, 740 F.3d 350, 359 (5th Cir. 1984).  When ruling on a motion for permissive intervention, the court "should consider, among other factors, whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

As explained above, Proposed Intervenors are adequately represented by Defendants. Moreover, given the relatively narrow scope of the legal question before the Court regarding the Appointments Clause of the Constitution and whether the Council operates outside of proper democratic oversight, the Court finds the Proposed Intervenors would not significantly contribute to the underlying factual issues.  Finally, Proposed Intervenors have been granted leave to participate as *amici curiae*.  Doc. [75]; Text Only Order (10/11/2023).  When a potential intervenor is adequately represented by an existing party and will not present any new legal issue, "a third party can contribute usually most effectively and always most expeditiously be a brief of amicus curiae and not by intervention." *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984); *Southern Offshore Fishing Ass'n v. Daley*, 995 F.Supp. 1411, 1424-25 (M.D.Fla. 1998) (denying motion to intervene but permitting proposed intervenors to file *amici curiae* briefs).

IT IS THEFORE ORDERED AND ADJUDGED that the [53] Motion to Intervene is DENIED.

SO ORDERED AND ADJUDGED, this the 20th day of October 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE