**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| George D. Arnesen, *et al.* <br><br>          *Plaintiffs,* <br>    *v.* <br><br> Gina Raimondo, U.S. Secretary of Commerce, *et al.* <br><br>          *Defendants.* | No.: 1:23-cv-00145-TBM-RPM |
| Karen Bell, *et al.* <br><br>          *Plaintiffs,* <br>    *v.* <br><br> Gina Raimondo, U.S. Secretary of Commerce, *et al.* <br><br>          *Defendants.* | |

---

**PROPOSED INTERVENOR-DEFENDANTS GULF OF MEXICO REEF FISH
SHAREHOLDERS' ALLIANCE AND SEAFOOD HARVESTERS OF AMERICA'S
OBJECTIONS TO ORDER DENYING THEIR MOTION TO INTERVENE**

---

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................... 1

II.     BACKGROUND ...................................................................................................... 2

III.    ARGUMENT ........................................................................................................... 3

        A.      Standard of Review.................................................................................... 3

        B.      Motion to Intervene as of Right ................................................................ 4

                1.      Proposed Intervenors' motion is timely. ....................................... 4

                2.      Proposed Intervenors have legally protectable interests that are
                        threatened in this litigation........................................................... 6

                3.      Defendants do not adequately represent Proposed Intervenors. .............. 10

        C.      Permissive Intervention ........................................................................... 13

IV.     CONCLUSION...................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Coastal Conserv. Ass'n v. Locke*,
No. 2:09-cv-641, 2010 WL 1407680 (M.D. Fla. Apr. 6, 2010) ................................................5

*Conserv. Law Found. v. Evans*,
360 F.3d 21 (1st Cir. 2004)........................................................................................................5

*Crumble v. Blumthal*,
549 F.2d 462 (7th Cir. 1977) ...................................................................................................14

*Delta Com. Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council*,
364 F.3d 269 (5th Cir. 2004) ...................................................................................................10

*Edwards v. City of Houston*,
78 F.3d 983 (5th Cir. 1996) .........................................................................................5, 6, 10, 12

*Entergy Gulf States La., LLC v. EPA*,
817 F.3d 198 (5th Cir. 2016) .............................................................................................4, 13

*Guenther v. BP Retirement Accumulation Plan*,
50 F.4th 536 (5th Cir. 2022) .....................................................................................................4

*Guindon v. Pritzker*,
31 F. Supp. 3d 169 (D.D.C. 2014)............................................................................................7

*Heaton v. Monogram Credit Card Bank of Georgia*,
297 F.3d 416 (5th Cir. 2002) ...................................................................................................11

*La Union del Pueblo Entero v. Abbott*,
29 F.4th 299 (5th Cir. 2022) ............................................................................................1, 4, 8

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*,
884 F.2d 185 (5th Cir. 1989) ...................................................................................................14

*Lofstad v. Raimondo*,
No. 3:22-cv-7360 (D.N.J.) .........................................................................................................1

*New England Fishermen's Stewardship Ass'n v. Raimondo*,
No 2:23-cv-339 (D. Me.) ...........................................................................................................1

*NextEra Energy Cap. Holdings, Inc. v. D'Andrea*,
No. 20-50168, 2022 WL 17492273 (5th Cir. Dec. 7, 2022)......................................................8

*Sierra Club v. City of San Antonio*,
  115 F.3d 311 (5th Cir. 1997) ........................................................11

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) ............................................ *passim*

*Texas v. U.S. Department of Commerce*,
  No. 3:20-cv-00297 (S.D. Tex.) ....................................................12

*Texas v. United States*,
  805 F.3d 653 (5th Cir. 2015) ...................................................8, 9

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*,
  No. 3:21-cv-00247 (D. Alaska) ......................................................1

*Wal–Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*,
  834 F.3d 562 (5th Cir. 2016) ...................................................4, 9

**Statutes**

16 U.S.C. § 1802 ...............................................................................7

16 U.S.C. § 1852 .............................................................................10

16 U.S.C. § 1855 ...............................................................................5

28 U.S.C. § 636 ............................................................................1, 3

**Other Authorities**

U.S. Const. art. II, § 2, cl. 2 ...............................................2, 7, 8, 13

82 Fed. Reg. 27,777 (June 19, 2017) ...........................................12

88 Fed. Reg. 39,193 (June 15, 2023) ..............................................7

Federal Rule of Civil Procedure 24 ...................................... *passim*

Federal Rule of Civil Procedure 72 ...........................................2, 3, 4

Local Civil Rule 72 ...........................................................................2

## I.      INTRODUCTION

Plaintiffs challenge the regulatory structure that has been used to manage marine fisheries in this country for nearly 50 years.  This is a coordinated, nationwide attack: Plaintiffs' attorneys have filed companion cases on behalf of other plaintiffs making similar arguments in New Jersey, Maine, and Alaska.[1]

The Gulf of Mexico Reef Fish Shareholders' Alliance ("Alliance") and Seafood Harvesters of America ("Harvesters") (collectively, "Proposed Intervenors") are trade associations representing commercial fishermen and women whose livelihoods depend upon the conservation and sound management of our nation's marine fisheries.  Proposed Intervenors seek to intervene in this case to protect their economic and other interests that are bound up in the regulatory structure under attack.  These are "quintessential rights" that are protected under Federal Rule of Civil Procedure 24.  *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022).

The Magistrate Judge nevertheless denied Proposed Intervenors' motion to intervene.  ECF No. 79.  In Proposed Intervenors' motion and supporting memoranda and declarations, ECF Nos. 53–54 & 67, Proposed Intervenors explained why they are entitled to intervene, either as of right under Rule 24(a)(2) or permissively under Rule 24(b), particularly in light of their "quintessential" economic rights at stake in this litigation.  In reaching a different conclusion, however, the Magistrate Judge overlooked binding Fifth Circuit authority requiring intervention in these circumstances and failed to consider most of Proposed Intervenors' factual allegations and legal arguments.  Because the Magistrate Judge's order is contrary to law and clearly erroneous, Proposed Intervenors hereby object to and appeal that order pursuant to 28 U.S.C. § 636(b)(1)(A),

---

[1] Attorneys for the *Bell* Plaintiffs have filed similar cases in New Jersey (*Lofstad v. Raimondo*, No. 3:22-cv-7360 (D.N.J.)) and Alaska (*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*, No. 3:21-cv-00247 (D. Alaska)). Attorneys for the *Arnesen* Plaintiffs have filed a similar case in Maine (*New England Fishermen's Stewardship Association v. Raimondo*, No 2:23-cv-339 (D. Me.)).

Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72(a)(1)(A).  Proposed Intervenors respectfully urge the Court to reverse the Magistrate Judge's order and grant their motion to intervene.

## II.      BACKGROUND

Plaintiffs ask the Court to vacate an action, known as Amendment 54, to regulate the fishery for greater amberjack in the Gulf of Mexico.  Amendment 54 set catch limits to prevent overfishing and conserve amberjack for long-term utilization.  Plaintiffs contend that Amendment 54 should be vacated because the Gulf of Mexico Fishery Management Council ("Gulf Council") that helped developed it is unconstitutional, in that Gulf Council members were not appointed in accordance with the Appointments Clause of the U.S. Constitution.

Proposed Intervenors have two sets of interests threatened by this litigation: narrow interests in the amberjack fishery and broader interests in the regulatory structure for managing marine fisheries.  *See* ECF No. 53-1 at ¶¶ 8–11 (Declaration of Keith Guindon ("Guindon Decl."); ECF No. 53-2 at ¶¶ 7–9 (Declaration of Leigh Habegger ("Habegger Decl.")).  A ruling for Plaintiffs would harm both sets of interests.

First, as to the amberjack fishery, Proposed Intervenors hold commercial permits to catch and sell amberjack, and they supported the catch limits set by Amendment 54 as necessary to prevent overfishing, rebuild the stock, and generate more fish to catch and sell.  *See* ECF No. 53-1 at ¶ 7, Ex. A (Guindon Decl.).  Plaintiffs want to ignore those catch limits and keep fishing for amberjack.  *See* ECF No. 62 at 13.  Overfishing will further deplete the stock and leave Proposed Intervenors with less fish to catch and sell.  *See* ECF No. 53-1 at ¶¶ 7–8,  Ex. A (Guindon Decl.) (explaining that Plaintiffs' remedies would, among other things, "allow [Plaintiffs] to continue

fishing amberjack," which would "decrease the abundance of amberjack, risk stock depletion, jeopardize stock rebuilding, and reduce annual yields").

Second, as to the regulatory structure at issue, Proposed Intervenors have participated for decades in the Gulf Council process for managing the fisheries they depend upon.  While Proposed Intervenors view that process as imperfect, it has been largely successful and allowed their members to establish and maintain businesses dependent upon the fisheries managed by it.  *See* ECF No. 53-2 at ¶¶ 5–6 (Habegger Decl.) (Proposed Intervenors' "members support and are deeply invested in the Council process . . . and have interests that depend on the ability to continue to engage in that process"); ECF No. 53-1 at ¶ 10 (Guindon Decl.) ("[T]he Gulf Council . . . plays an important, advisory role in ensuring a transparent, public management process and one that we have worked through for decades").  If Plaintiffs prevail, Proposed Intervenors will have lost access to a valuable forum in which they contribute to proposals for regulating their businesses and conserving stocks of fish their businesses depend upon.

## III.    ARGUMENT

Proposed Intervenors object to the Magistrate Judge's order denying Proposed Intervenors' motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) and, alternatively, for permissive intervention under Rule 24(b) as clearly erroneous and contrary to law.

### A.    Standard of Review

"A judge of the court may reconsider any pretrial matter" heard and decided by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Individuals who object to the magistrate judge's order must "serve and file objections to the order within 14 days after being served with a copy."  Fed. R. Civ. P. 72(a); *see* LCR 72(a)(1)(A).  "The district judge in the case must consider timely objections and

modify or set aside any part of the order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *see* LCR 72(a)(1)(B).

**B.**     **Motion to Intervene as of Right**

Proposed Intervenors are entitled to intervene as of right under Rule 24(a)(2) because their motion is timely, they have protectable interests at stake, disposition of this action could impair those interests, and no party adequately represents them.  *See La Union del Pueblo Entero*, 29 F.4th at 305–08 (reciting elements).  "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained."  *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

Further, Rule 24 "is to be liberally construed . . . with doubts resolved in favor of the proposed intervenor."  *Entergy Gulf States La., LLC v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016) (citation omitted); *see also Wal–Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016) (referencing the "broad policy favoring intervention in our precedent").  "At this stage, the court takes the movant's factual allegations as true."  *Guenther v. BP Retirement Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (citation omitted).

The Magistrate Judge failed to apply these legal principles in favor of Proposed Intervenors and clearly erred in concluding that Proposed Intervenors failed to meet Rule 24(a)(2)'s requirements for intervention as of right.

### 1.     *Proposed Intervenors' motion is timely.*

The Magistrate Judge acknowledged that Proposed Intervenors filed the motion to intervene "approximately a month and a half after the [*Arnesen* Plaintiffs'] complaint was filed" and "ordinarily[,] such a delay would not qualify as untimely."  ECF No. 79 at 4–5.  The Magistrate Judge nevertheless found the motion to be untimely in part because "the Court has already set a briefing schedule for summary judgment motions based on the parties' joint motion."  *Id.* at 5.  But

the Magistrate Judge failed to acknowledge that Proposed Intervenors filed their motion on August 15, 2023, ECF No. 53—i.e., about a week *before* the parties proposed and the Court entered the briefing schedule.  *See* ECF No. 60; Text Only Order (Aug. 24, 2023).

The Magistrate Judge also relied on the "directive to expedite Plaintiffs' claims" under 16 U.S.C. § 1855(f)(4), the "time-sensitive nature of the underlying subject matter," and that "Plaintiffs have filed a motion for preliminary injunction."  *See* ECF No. 79 at 5.  Yet, nothing in the Magnuson-Stevens Fishery Conservation and Management Act requires the Magistrate Judge to deny intervention after a § 1855(f)(4) motion or a preliminary injunction has been filed.  To the contrary, Courts regularly grant intervention *despite* a party's request for expedited review under § 1855(f)(4).  *See, e.g.*, *Conserv. Law Found. v. Evans*, 360 F.3d 21, 24 n.5, 30 (1st Cir. 2004) (affirming district court's summary judgment order where intervenors were permitted to intervene after parties requested expedited consideration under § 1855(f)(4)); *Coastal Conserv. Ass'n v. Locke*, No. 2:09-cv-641, 2010 WL 1407680 (M.D. Fla. Apr. 6, 2010) (granting the Shareholders' Alliance's motion to intervene over plaintiff's objection on § 1855(f)(4) grounds, among others).

The touchstone for evaluating timeliness is whether the parties will be prejudiced by allowing intervention.  *See Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir. 1996) (explaining the court "is concerned only with the prejudice caused by [intervenors'] delay, not that prejudice which may result if intervention is allowed"); *Espy*, 18 F.3d at 1205 ("Federal courts should allow intervention where no one would be hurt . . . .").  Here, Proposed Intervenors committed to comply with the summary judgment briefing schedule, which has now essentially concluded.  *See* ECF No. 67 at 5–6.  Allowing intervention at this stage will not disrupt or delay the timing for the dispositive rulings that the Court will issue in response to the parties' pending

cross-motions for summary judgment, and so there is no prejudice to Plaintiffs. *See Edwards*, 78 F.3d at 1002. The Magistrate Judge did not consider this lack of prejudice to Plaintiffs.

Nor did the Magistrate Judge consider the prejudice to Proposed Intervenors if intervention is denied. *See id.* at 1000 ("We established four factors to consider when evaluating the timeliness of a motion to intervene," including "[t]he extent of the prejudice that the would-be intervenor may suffer"). The relief that Plaintiffs seek in this case—a declaration that the Council structure and process is unconstitutional—would create real risks to Proposed Intervenors and their members' ability to fish greater amberjack and other reef fish long-term, as discussed in Proposed Intervenors' prior briefing, supporting declarations, and in Section III(B)(2) below. *See, e.g.*, ECF No. 53-1 at ¶¶ 8–11 (Guindon Decl.).

The Magistrate Judge's denial will prejudice Proposed Intervenors by excluding them from this litigation, precluding them from ensuring that any remedies granted as a result of this lawsuit are appropriate, and preventing their ability to appeal—all of which would have major effects on Proposed Intervenors and their members' livelihoods. *See Espy*, 18 F.3d at 1207 (concluding the "legal rights associated with formal intervention" includes "briefing of issues, presentation of evidence, and ability to appeal"). The Magistrate Judge's failure to consider the substantial prejudice that Proposed Intervenors would suffer if intervention is denied is contrary to law and amounts to clear error. *See Edwards*, 78 F.3d at 1003 ("That these applicants were deprived . . . of the opportunity to participate in this proceeding with the rights and privileges of full parties . . . precludes [the court] from concluding that the . . . denial of intervention was harmless.").

### 2.    *Proposed Intervenors have legally protectable interests that are threatened in this litigation.*

The Magistrate Judge also erred in finding that Proposed Intervenors lack legally protectable interests in upholding Amendment 54 or the Council structure. The Magistrate Judge

recognized that "Proposed Intervenors' future economic and non-economic interests may be affected by the Council's actions" but concluded that "the constitutional questions of appointment and removal of Council members have no direct bearing on Proposed Intervenors' economic interests," and Proposed Intervenors "simply seek to uphold the current regulatory regime as it relates to fishing in the Gulf of Mexico." ECF No. 79 at 5.  The Magistrate Judge's conclusions are factually unsupported and contrary to binding Fifth Circuit precedent.

Plaintiffs' goal in this litigation has been clear from the beginning: they seek a judicial declaration that Amendment 54 "is void" allegedly because "the 17 individuals purporting to be [Gulf] Council members were not appointed pursuant to the Appointments Clause and could not validly adopt Amendment 54 or its implementing regulation."  ECF No. 1 at 16 (Compl., Prayer for Relief, ¶ 1).  Plaintiffs' requested relief, voiding Amendment 54 and a return to the higher catch limits under prior regulations, would necessarily result in overfishing of the greater amberjack stock and thus harm Proposed Intervenors and their members' ability to catch and sell amberjack over the long term.  *See* ECF No. 53-1 at ¶¶ 8–9 (Guindon Decl.); *see* 16 U.S.C. § 1802(34) (defining "overfishing" as "jeopardiz[ing] the capacity of a fishery to produce the maximum sustainable yield on a continuing basis").  The reduced catch limits imposed by Amendment 54, which Proposed Intervenors supported, were expressly adopted "to end overfishing of greater amberjack and allow the stock to meet its current rebuilding time."  88 Fed. Reg. 39,193, 39,194 (June 15, 2023).  Thus, Proposed Intervenors have demonstrated economic interests in upholding Amendment 54: the rebuilding of the amberjack stock so that they may catch and sell more amberjack for many years to come.  The Magistrate Judge's contrary conclusion—that vacating Amendment 54 would "have no direct bearing on Proposed Intervenors' economic interests"— cannot be sustained on this record.  *See* ECF No. 79 at 5; *see also Guindon v. Pritzker*, 31 F. Supp.

3d 169, 187 (D.D.C. 2014) (concluding that based on commercial fishermen's allegations that the challenged agency actions that led to an overharvesting of red snapper threatens their livelihoods, "[i]t is self-evident that overharvesting of red snapper . . . could negatively impact [their] interests in the fishery's health" for purposes of Article III standing).[2]

Further, under Fifth Circuit precedent, Proposed Intervenors' economic interests are "quintessential rights Rule 24(a) protects." *La Union del Pueblo Entero*, 29 F.4th at 305.  Because Proposed Intervenors are "the intended beneficiaries of the . . . federal policy" that Plaintiffs now challenge, Amendment 54, they have an "interest sufficient to intervene." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) ("[A]n interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim."); *see also NextEra Energy Cap. Holdings, Inc. v. D'Andrea,* No. 20-50168, 2022 WL 17492273, at *3 (5th Cir. Dec. 7, 2022) (concluding "prospective interference with [economic] opportunities can justify intervention").

If Plaintiffs were to prevail in this lawsuit, the entire Council structure is at risk of being dismantled as violative of the Appointments Clause. *See* ECF No. 1 at 16–17 (Compl., Prayer for Relief, ¶¶ 1–2).  Proposed Intervenors have additional economic and non-economic interests in upholding the Council structure and process, in which they have participated for decades. *See* ECF No. 53-2 at ¶¶ 7, 9 (Habegger Decl.) (describing how members are "deeply invested in the Council process," typically attend "every Council meeting for the regions in which they fish," and describing Plaintiffs' requested relief as "a 'nuclear' outcome that threatens to unwind decades of

---

[22] The Magistrate Judge, in evaluating inadequacy of representation, similarly concluded that "Proposed Intervenors' unique economic interests are a consequence of the challenged regulatory scheme but are not directly at issue in the pending litigation."  ECF No. 79 at 6.  Again, if Plaintiffs' requested relief in the pending litigation is granted, Amendment 54 would be vacated (*see* ECF No. 1 a 16 (Compl., Prayer for Relief, ¶ 1)), which would directly impact Proposed Intervenors' economic interests in preventing overfishing of greater amberjack in the Gulf of Mexico. *See* ECF No. 53-1 at ¶¶ 8–9 (Guindon Decl.).

conservation and management efforts to the detriment of the Harvesters and all our member organizations"); *see also* ECF No. 53-1 at ¶ 10 (Guindon Decl.).

As the Fifth Circuit and many other circuits have held, "associations representing licensed business owners have a right to intervene in lawsuits challenging the regulatory scheme that governs the profession." *Wal-Mart*, 834 F.3d at 567–68; *see Espy*, 18 F.3d at 1207 (trade associations representing timber purchasers had "property interests in existing timber contracts that [were] threatened by the" litigation challenging a federal agency's forest management practices); *see also Texas*, 805 F.3d at 660 (proposed intervenors had "interests in receiving deferred action under [a federal program] so that they remain in the United States" and were thus "the intended beneficiaries of the challenged federal policy"). Like the intervenors in *Espy* and *Wal-Mart*, Proposed Intervenors are trade associations representing permitted business owners seeking to intervene in a lawsuit challenging the regulatory scheme that governs their profession. And like the intervenors in *Texas*, Proposed Intervenors are the intended beneficiaries of Amendment 54 and the overall Council process. These are "direct, substantial, and legally protectable interests" sufficient to intervene as of right under Rule 24(a)(2). *Espy*, 18 F.3d at 1207 (alterations adopted).

The Magistrate Judge's conclusion that Proposed Intervenors have failed to identity a legally protectable interest because they "simply seek to uphold the current regulatory regime," ECF No. 79 at 5, conflicts with binding Fifth Circuit precedent.[3]

---

[3] In addition, the Magistrate Judge failed to address Rule 24(a)(2)'s third requirement entirely. *Compare* ECF No. 79 at 5–6, *with Espy*, 18 F.3d at 1207 (the third requirement asks whether proposed intervenors were "so situated that the disposition of the action may, as a practical matter, impair or impede [their] ability to protect [their] interest"). Because the third requirement is undisputed, *see* ECF No. 54 at 19–20; ECF No. 67 at 12 n.1, the Court may assume Proposed Intervenors have met their burden to show the disposition of this action, namely a vacatur of Amendment 54 or upsetting the Council structure, could impair Proposed Intervenors' ability to protect their interests.

### 3.     *Defendants do not adequately represent Proposed Intervenors.*

The Magistrate Judge further erred in finding that Defendants will adequately represent Proposed Intervenors because "the U.S. Department of Justice, backed by the resources of the United States of America, [is] defending against this lawsuit" and that Proposed Intervenors and Defendants share "the same ultimate objective . . . to uphold the constitutionality of the Council and its decisions." ECF No. 79 at 6. In reaching these conclusions, however, the Magistrate Judge again overlooked Fifth Circuit precedent, particularly cases holding that Proposed Intervenors' burden to show that government representation "may be" inadequate is "*de minimis*" and that "no presumption of adequate representation may be applied" when intervenors do not seek the same ultimate objective as the existing parties. *Edwards*, 78 F.3d at 1006 (reversing district court's denial of intervention on a presumption of adequate representation by the government and for failure to apply the *de minimis* standard of proof).

To begin with, the Proposed Intervenors do not share the same ultimate objectives as the Defendants. Defendants contend that Plaintiffs "lack standing because the Council's decision is not the source of their alleged harms." ECF No. 15 at 32; *see also* ECF No. 66 at 16–23; ECF No. 78 at 17–22. Defendants' standing argument is prejudicial to Proposed Intervenors because if Defendants prevail on that argument—that a Council action cannot be the source of harm—such a ruling could thwart Proposed Intervenors' efforts to challenge a future management action as being an unlawful proposal of a Council that is not "fair and balanced," as required by statute. *See Delta Com. Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council*, 364 F.3d 269, 272 (5th Cir. 2004) (plaintiff lacked standing to enforce 16 U.S.C. § 1852(b)(2)(B) because it failed to challenge "any specific adverse action by the Council or by the Secretary"). Proposed Intervenors have long had concerns that the composition of the Gulf Council is not "fair and balanced" due to its persistent lack of representation for the commercial fishing sector; and Proposed Intervenors seek

to preserve any future challenges.  *See, e.g.*, ECF No. 53-2 at ¶ 9 (Habegger Decl.) (Harvesters have "concerns about balance, fairness, and commercial representation in the fishery management process in the Gulf").

Moreover, Defendants have much broader public interests in this litigation and cannot adequately represent the narrow commercial fishing interests that Proposed Intervenors seek to protect by intervening in this lawsuit.  *See, e.g.*, ECF No. 53-1 at ¶¶ 2–3, 8, 13 (Guindon Decl.) (identifying specific economic interests in members' commercial fishing permits and operations that the federal government does not share).  This is true even though Defendants and Proposed Intervenors both seek to uphold Amendment 54 as constitutional.

The Magistrate Judge recognized that Proposed Intervenors have "unique economic interests" at stake, but overlooked Circuit precedent holding that Rule 24(a)(2)'s inadequacy requirement is satisfied when, as here, "[t]he government must represent the broad public interest, not just the economic concerns of [a particular] industry." *Espy*, 18 F.3d at 1207–08; *see Sierra Club v. City of San Antonio*, 115 F.3d 311, 315 (5th Cir. 1997) (inadequacy requirement met where local businesses' and municipalities' narrower interests "diverge[d] from those of the various state agencies who are charged with taking a state-wide view"); *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 425 (5th Cir. 2002) ("Government agencies . . . must represent the public interest, not just the economic interests of one industry. That the [government's and intervenors' interests] may diverge in the future, even though, at this moment, they appear to share common ground, is enough to meet the [intervenor's] burden on this issue.").  In *Espy*, for example, the Fifth Circuit rejected plaintiffs' contention that the intervenors' interests were "essentially identical" to those of the government's and "conclude[d] that the government's representation of the intervenors' interests [was] inadequate" in light of "the minimal burden on the movants to

satisfy this requirement." *Id.* at 1208; *see also Edwards*, 78 F.3d at 1006 (reversing denial of intervention for failure to apply "*de minimis* standard . . . to establish inadequate representation"). The Magistrate Judge apparently did not apply that minimal burden standard here.

Proposed Intervenors also detailed the ongoing conflicts between them and Defendants about management of the reef fish fishery, including Amendment 54, and the federal government's historical tolerance of overharvesting to the detriment of Intervenors. *See* ECF No. 54 at 23–25. Proposed Intervenors have had numerous disputes with the federal government about overharvesting of various reef fish species, including an instance in which the government settled a case in a way that excused overharvesting and harmed Proposed Intervenors. *See* ECF No. 53-1 at ¶ 12 (Guindon Decl.) (explaining that in *Texas v. U.S. Department of Commerce*, No. 3:20-cv-00297 (S.D. Tex.), the federal government settled the case in a way that was adverse to the Shareholders' Alliance's interests in preventing overharvesting by the recreational fishing sector). In another instance, the government took the unusual step of admitting in the Federal Register that its reopening of a fishing season would cause one sector to "substantially exceed its annual catch limit." 82 Fed. Reg. 27,777, 27,779 (June 19, 2017). In the instant litigation, Plaintiffs have admitted that they also "seek to fish for greater amberjack this year," ECF No. 62 at 13, which will thereby exceed Amendment 54's catch limits set to prevent overfishing and rebuild the stock; the federal government has the ability to allow overfishing by settling this case with Plaintiffs, just as it has previously done in other cases.

The Magistrate Judge did not appear to consider these differing objectives, interests, or litigation strategies at all. *See* ECF No. 79 at 6. The Magistrate Judge also overlooked relevant Fifth Circuit authority holding that a difference in litigation strategy is sufficient to show that the intervenors do not "seek the same ultimate objective as" the government. *See Edwards*, 78 F.3d

at 1005 (holding inadequacy requirement was met based on intervenors' representation that the government had failed to adequately challenge plaintiffs' claims of discrimination); *see also Entergy*, 817 F.3d at 205–06 (same, where intervenors and the government had differing "litigation tactics" that could impact delays, discovery, court rulings, and other "germane" issues).

Proposed Intervenors have met the minimal burden to show that representation by Defendants may be inadequate in this case. The Magistrate Judge's contrary ruling was clear error.

### C.   Permissive Intervention

The Magistrate Judge also erred in denying permissive intervention on the grounds that Proposed Intervenors "are adequately represented by Defendants" and "would not significantly contribute to the underlying factual issues." ECF No. 79 at 7.

For the reasons discussed in Section III(B)(3) above, Defendants do not adequately represent Proposed Intervenors' narrow commercial fishing interests or their differing objectives and strategies in this litigation.

Nor do Proposed Intervenors, if permitted to intervene, intend to further brief the underlying factual issues or even the "relatively narrow scope of the legal question . . . regarding the Appointments Clause." *See* ECF No. 79 at 7. Rather, Proposed Intervenors moved to intervene in this case to protect their members' ability to fish for Gulf amberjack long-term, an interest that is directly threatened by the relief Plaintiffs seek. ECF No. 53-1 ¶¶ 8, 13 (Guindon Decl.); *see supra*, Section III(B)(2). To protect these interests, Proposed Intervenors principally seek to ensure that they will have an opportunity to brief any potential remedies, in the event the Court rules for Plaintiffs on the merits, to minimize harm to Proposed Intervenors' members and to preserve their ability to appeal. The Magistrate Judge thus failed to consider Proposed Intervenors' actual goals in this litigation or their potential contributions.

Although the Magistrate Judge did not address Rule 24(b)'s other requirements—timeliness, commonality, and lack of prejudice—Proposed Intervenors maintain that each of those requirements are also satisfied here. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989) (Rule 24(b)(2) permits intervention when: "(1) timely application is made . . . , (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights."); *see also supra*, Section III(B)(1) (discussing timeliness and lack of prejudice); ECF No. 54 at 20–21.

Other Circuits have concluded that it is an abuse of discretion to deny permissive intervention when, like here, all of Rule 24(b)'s requirements are met *and* the intervenors' economic interests in the pending litigation are significant. *See, e.g.*, *Crumble v. Blumthal*, 549 F.2d 462, 468 (7th Cir. 1977) (finding district court abused discretion in denying intervenors' motion to intervene where Rule 24(b)'s permissive intervention requirements had been met *and* the statute at issue would be "well served by allowing [intervenors] who follow the law to join aggrieved [plaintiffs] in enforcing their rights"). The Magistrate Judge's denial of permissive intervention was also clear error.

## IV.   CONCLUSION

Because the order denying the motion to intervene as of right or, alternatively, for permissive intervention is clearly erroneous and contrary to law, Proposed Intervenors respectfully urge the Court to set aside the Magistrate Judge's order and permit them to intervene.

Dated:  November 3, 2023.

Respectfully submitted,

**K&L GATES LLP**

_/s/ Jack R. Dodson, III_
J. Timothy Hobbs (*pro hac vice*)
Jack R. Dodson, III (MS Bar # 10397)
501 Commerce Street, Suite 1500
Nashville, TN 37203
(615) 514-1811
Tim.Hobbs@klgates.com
Rob.Dodson@klgates.com

Shelby Stoner (*pro hac vice*)
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
206-623-7580
Shelby.Stoner@klgates.com

*Attorneys for Proposed Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2023, I filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel of record, all of whom are ECF participants:

| | |
|---|---|
| Robert W. Wilkinson<br>Alexander Kelly Sessoms, III<br>Wilkinson, Williams, Bosio & Sessoms, PLLC<br>734 Delmas Avenue<br>P.O. Box 1618<br>Pascagoula, MS 39568<br>Tel.: 228-762-2272<br>Fax: 228-762-3223<br>Email: rwilkinson@wwbslaw.com<br>     ksessoms@wwbslaw.com | Darren J. Lamarca<br>United States Attorney<br><br>James E. Graves, III<br>Assistant United States Attorney<br>501 East Court Street, Suite 4.430<br>Jackson, Mississippi 39201<br>Tel.: 601-965-4480<br>Fax: 601-965-4032<br>Email: James.Graves@usdoj.gov |
| Brett A. Shumate (admitted *pro hac vice*)<br>John Henry Thompson (admitted *pro hac vice*)<br>Louis Joseph Capozzi, III (admitted *pro hac vice*)<br>Jones Day<br>51 Louisiana Avenue NW<br>Washington, D.C. 20001<br>Tel.: 202-879-3939<br>Fax: 202-626-1700<br>Email: bshumate@jonesday.com<br>     jhthompson@jonesday.com<br>     lcapozzi@jonesday.com | Todd Kim<br>Assistant Attorney General<br>S. Jay Govindan<br>Section Chief<br>Meredith L. Flax<br>Deputy Section Chief<br><br>Shampa A. Panda<br>Trial Attorney<br>United States Department of Justice<br>Environment & Natural Resources<br>Division<br>Wildlife & Marine Resources Section<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>Tel.: 202-305-0431<br>Email: shampa.panda@usdoj.gov |
| James M. Burnham (admitted *pro hac vice*)<br>King Street Legal, PLLC<br>800 Connecticut Avenue NW, Ste. 300<br>Washington, D.C. 20006<br>Tel.: 602-501-5469<br>Email: james@kingstlegal.com | Charles E. Cowan<br>Wise, Carter, Child & Caraway<br>401 East Capitol Street, Ste. 600<br>P.O. Box 651 (39205-0651)<br>Jackson, MS 39201<br>Tel.: 601-968-5514<br>Fax: 601-968-5519<br>Email: cec@wisecarter.com |

*/s/ Jack R. Dodson III*
Jack R. Dodson III