# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 23, 2024
Lyle W. Cayce
Clerk

No. 24-60055

GEORGE D. ARNESEN; JEFFREY RYAN BRADLEY,

*Plaintiffs—Appellants*,

versus

GINA RAIMONDO, *Secretary, U.S. Department of Commerce*; NATIONAL MARINE FISHERIES SERVICE; JANET COIT, *NMFS Assistant Administrator*; SAMUEL D. RAUCH, III, *NMFS Deputy Assistant Administrator for* REGULATORY PROGRAMS; GULF OF MEXICO FISHERY MANAGEMENT COUNCIL, *Et al.*,

*Defendants—Appellees*,

_____

KAREN BELL; A.P. BELL FISH COMPANY, INC.; WILLIAM COPELAND,

*Plaintiffs—Appellants*,

versus

GINA RAIMONDO, *Secretary, U.S. Department of Commerce*; NATIONAL MARINE FISHERIES SERVICE; JANET COIT, *NMFS Assistant Administrator*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC Nos. 1:23-CV-145, 1:23-CV-160

---

Before WIENER, HAYNES, and HIGGINSON, *Circuit Judges*.

STEPHEN A. HIGGINSON, *Circuit Judge*:

Congress enacted the Magnuson-Stevens Fishery Conservation and Management Act in 1976 to regulate fishing in coastal waters after extensive overfishing and lack of stewardship over vital fishery resources. 90 Stat. 331 (codified as amended at 16 U.S.C. § 1801 *et seq.*). The Secretary of Commerce has delegated administration of the Act to the National Marine Fisheries Service (NMFS). The Act created Regional Fishery Management Councils. 16 U.S.C. § 1801(b)(5). As the Supreme Court recently explained, these are "composed of representatives from the coastal States, fishery stakeholders, and NMFS." *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2254 (2024) (citing 16 U.S.C. § 1852(a), (b)). The Councils "develop annual catch limits for" fisheries in their geographic regions, 16 U.S.C. § 1852(h)(6), which are then given to the NMFS Assistant Administrator who reviews them in establishing or amending fishery management plans and issuing, after notice and comment, binding regulations to enact those plans, *id.* § 1854(a)(3), (b)(3).

Plaintiffs are commercial fishers challenging the constitutionality of the Gulf of Mexico Fishery Management Council on both removal and appointment grounds. This suit arose from approval, after notice and comment, of an amendment ("Amendment 54") to the region's fishery management plan recommended by the Council to significantly reduce the greater amberjack catch limit and the Secretary's subsequent implementation of that catch limit through regulations ("Final Rule").

George D. Arnesen and Jeffrey Ryan Bradley sued Secretary of Commerce Gina Raimondo; NMFS; NMFS Assistant Administrator Janet Coit; and the Gulf of Mexico Fishery Management Council, Samuel D. Rauch, III, who serves on the Council through his role as NMFS Deputy Assistant Administrator for Regulatory Programs, and the Council's individual members. Karen Bell, A.P. Bell Fish Company, Inc., and William Copeland separately filed suit against the Secretary and the NMFS and its Assistant Administrator.

Both sets of plaintiffs asserted that the Final Rule was void because the Council members were improperly appointed under Article II, § 2, Clause 2 of the U.S. Constitution. Arnesen plaintiffs additionally urged that Council members were unconstitutionally insulated from removal. Both sets of plaintiffs sought a declaratory judgment as to these constitutional arguments and an injunction setting aside the Final Rule and prohibiting its enforcement. Arnesen plaintiffs additionally requested that Amendment 54 itself be declared void and sought an injunction against the Council members barring them from further developing annual catch limits for the greater amberjack fishery.

The district court consolidated the cases and ultimately awarded summary judgment to the government because the plaintiffs were not entitled to relief for either constitutional challenge. As relevant here, the district court concluded that six of the Council's seventeen members were inferior officers whose appointments violated the Appointments Clause. It nevertheless determined that plaintiffs were not entitled to relief for two independent reasons. First, the constitutional violation was not the proximate cause of the plaintiffs' injuries because the decision to implement Amendment 54 by enacting the Final Rule was made by the Secretary's designee, the NMFS Assistant Administrator. Second, the "remaining [eleven] Council [m]embers were properly appointed and exercised valid

authority related to Amendment 54, while still constituting a quorum of the Council."

We remand to the district court to address, in the first instance, whether (1) there is jurisdiction to consider Arnesen's requested relief declaring Amendment 54 itself void and enjoining the voting members of the Council from developing further annual catch limits for the greater amberjack fishery in light of the Government's contention that judicial review under 16 U.S.C. § 1855(f)(1)–(2) is limited to "[r]egulations promulgated by the Secretary" and "actions that are taken by the Secretary under regulations which implement a fishery management plan,"[1] and (2) whether the NMFS Assistant Administrator's review and approval of the Final Rule functioned as a ratification of Council's actions. This follows an approach taken by our court in a recent case.

In *Braidwood Management v. Becerra*, the district court considered Appointments Clause challenges to three bodies "affiliated with the Department of Health and Human Services." 104 F.4th 930, 936 (5th Cir. 2024). As to one of those bodies, the district court concluded that its members were principal officers who were improperly appointed. *Id.* at 938–39. Our court affirmed. *Id.* at 946. The district court rejected the Appointments Clause challenge to the other two bodies. *Id.* at 938–39. Our court, rather than consider whether those two bodies were constituted by individuals serving in violation of the Appointments Clause, remanded to the district court. *Id.* at 957. This remand was to allow the district court to fully consider various challenges to the Secretary's memorandum adopting recommendations from those bodies that the Government argued would

---

[1] We have previously remanded for similar determinations from district courts in the first instance. *See, e.g.*, *Texas v. Caremark, Inc.*, 584 F.3d 655, 659 (5th Cir. 2009).

4

have "effectively cured whatever Appointments Clause issues" that the court might conclude existed as to those bodies. *Id.* at 956. Our court explained that this approach was proper even though "[t]he district court, to be sure, determined that the Secretary had properly ratified [the two bodies' actions], but it had no opportunity to consider the" arguments as the parties developed them on appeal. *Id.* at 957.

Following that panel's lead, we remand for full district court treatment of the ratification issue before we address whether the Council members were validly appointed and whether, regardless of whether they were validly appointed, their actions were ratified by the Assistant Administrator's review, approval, and publication of Amendment 54 and its implementing regulations, or whether they are otherwise not entitled to relief. The district court concluded that "the composition of the Council was not the proximate cause of the [plaintiffs'] injury," as "[t]he amberjack quota reduction was ultimately signed off on by the Secretary's Designee, [the NMFS Assistant Administrator]—not the Council." The district court explained that this decision, reached after "rigorous" review, "adopt[ed] Amendment 54 as the Secretary's" and thus "cut[] off proximate causation to the Council." Following this explanation, it then noted in a footnote that "[s]everal circuits have held that a properly appointed official can ratify an improperly appointed official's action," citing to caselaw from the D.C., Second, Third, and Ninth Circuits. The district court, however, rested its conclusion on lack of proximate cause and did not undertake the ratification analysis itself.

After the district court's order issued—indeed, after appellate briefing concluded and just days before oral argument—*Braidwood Management* issued. The district court will now benefit from that decision's ratification analysis in which our court explained that "[t]he remedial theory seems to be well established . . . in a few of our sister circuits" that apply

"basic principles of agency" law, *id.* at 947, and then applied that theory to hold that the attempted ratification of one of the challenged bodies' actions was ineffective, *id.* at 948-49.[2]

As our court in *Braidwood Management* explained, we "generally prefer to adhere to our policy of being 'a court of review, not first view.'" *Id.* at 957 (quoting *Deanda v. Becerra*, 96 F.4th 750, 767 (5th Cir. 2024)). "So rather than decide these heady questions ourselves without the benefit of any considered judgment below," we remand for the district court to address the ratification theory that it identified "in the first instance," so that "we will be better positioned to weigh in" on this issue and consider the other issues raised. *Id.*

\* \* \*

We therefore REMAND to the district court for proceedings consistent with this opinion.

---

[2] We recognize, though, that there may be important differences between the instant case and *Braidwood Management*. Ratification in that case concerns a memorandum from the Secretary, issued after litigation commenced, adopting recommendations as his own, including those challenged which were made several years earlier. *Id.* at 937–38, 947. Here, the Council drafted Amendment 54 and implementing regulations which it conveyed to the NMFS Assistant Administrator, who approved them—following notice and comment and review according to, among other things, the statutory framework, *see* 16 U.S.C. § 1853(a)(1)(C)—before litigation commenced.