# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| GEORGE D. ARNESEN, et al.,<br><br>                    Plaintiffs,<br><br>  v.<br><br>GINA RAIMONDO, in her official capacity as Secretary of the United States Department of Commerce, et al.,<br><br>                  Defendants.<br><br>KAREN BELL, et al.,<br><br>                  Plaintiffs,<br><br>  v.<br><br>GINA RAIMONDO, in her official capacity as Secretary of the United States Department of Commerce, et al.,<br><br>                  Defendants. | No. 1:23-cv-00145-TBM-RPM<br><br>***BELL* PLAINTIFFS KAREN BELL, A.P. BELL FISH CO., INC., AND WILLIAM COPELAND'S RESPONSE BRIEF ON REMAND** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT .............................................................................................................................. 1

    I.    Ratification has only one effect, and it would do no work here ................................... 1

    II.    The Supreme Court has already shown the way ........................................................... 3

    III.    Coit did not approve the Rule on the merits but only determined that the Rule was lawful ................................................................................................ 3

    IV.    Coit's review was undertaken pursuant to the Magnuson-Stevens Act, which does not authorize ratification .................................................................... 4

    V.    Coit cannot ratify under common-law principles incorporated into any statutory authority for ratification ......................................................................... 5

        A.    Coit lacked authority to adopt Amendment 54 and the Rule both when the Council adopted those measures and when she reviewed and approved the Rule ....................................................................................... 6

            1.    Coit was improperly appointed at both times .................................................. 7

            2.    The Act did not permit Coit to adopt Amendment 54 and the Rule ................. 8

        B.    The Council did not purport to act on behalf of Coit ............................................ 10

    VI.    The government waived the affirmative defense of ratification ................................. 11

CONCLUSION ......................................................................................................................... 11

## TABLE OF AUTHORITIES

### Cases

*Braidwood Mgmt., Inc. v. Becerra*,
    104 F.4th 930 (5th Cir. 2024) ................................................................................ 2, 5–6, 10

*Citizens' Bank v. Grove*,
    162 S.E. 204 (N.C. 1932) ................................................................................................... 5

*Cook v. Tullis*,
    85 U.S. 332 (1873) ............................................................................................................. 2

*Duvall v. Att'y Gen. of U.S.*,
    436 F.3d 382 (3d Cir. 2006) ............................................................................................... 6

*FEC v. NRA Political Victory Fund*,
    513 U.S. 88 (1994) ..................................................................................................... 6, 9–10

*Fleckner v. Bank of U.S.*,
    21 U.S. (8 Wheat.) 338 (1823) ........................................................................................... 5

*Freytag v. Commissioner*,
    501 U.S. 868 (1991) ........................................................................................................ 2, 8

*Glidden Co. v. Zdanok*,
    370 U.S. 530 (1962) ........................................................................................................... 8

*Intercollegiate Broad. Sys., Inc. v. Copyright Royalty Bd.*,
    796 F.3d 111 (D.C. Cir. 2015) ........................................................................................... 3

*Nat'l Fed'n of Indep. Bus. v. Dep't of Lab., Occupational Safety & Health Admin.*,
    595 U.S. 109 (2022) ........................................................................................................... 6

*Obergefell v. Hodges*,
    576 U.S. 644 (2015) ......................................................................................................... 12

*United States v. Bellard*,
    674 F.2d 330 (5th Cir. 1982) ............................................................................................. 6

### Statutes

16 U.S.C. § 1854(c) ................................................................................................................ 10

16 U.S.C. § 1855(f)(4) .............................................................................................................. 4

### Rule

Fed. R. Civ. P. 8(c) ................................................................................................................. 11

# ARGUMENT

*Bell* Plaintiffs' arguments regarding ratification are thoroughly analyzed and supported by binding authority. In contrast, the government's Initial Brief does not apply, cite, or even recognize a single test, requirement, or principle of ratification. In fact, the government barely asks this Court to treat Coit's review as a ratification. Over four pages, the government directly addresses the remanded issue in only *one* sentence when it stated, without analysis or citation, "Through the process outlined in the Magnuson-Stevens Act, the Assistant Administrator effectively ratified the Gulf Council's recommendations and accepted them as her own decision." ECF No. 98 at 10 ("Gov. Initial Br.").

The rest of the government's discussion consists of generalities or disconnected assertions. Some of these assertions bear on ratification principles that *Bell* Plaintiffs raised, and *Bell* Plaintiffs will connect the dots and address those assertions. It will become clear, however, that the government declined to explicitly apply its assertions to ratification principles because doing so makes it immediately obvious that the government's position falls apart.

Plainly, the government's heart is not in it. It declined to raise ratification in its Answer and in its merits briefing before this Court because the government does not really believe Coit's review constitutes ratification. But the Fifth Circuit remanded the case to this Court to decide that issue, so the government had to put in a token effort. The Court should take the government's cue and hold that Coit's review does not function as a ratification.

**I.    Ratification has only one effect, and it would do no work here.**

The Fifth Circuit remanded to this Court to determine "whether the NMFS Assistant Administrator's review and approval of the Final Rule functioned as a ratification of [the] Council's actions." ECF No. 94 at 4 ("Remand"). To do so, the Court of course must first determine

1

what it means for an action to function as a ratification.

As Plaintiffs pointed out in their Initial Brief, ECF No. 99 at 1 ("*Bell* Initial Br."), ratification functions to "retroactively effect actual authority for the improper official's disputed action," *Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930, 947 (5th Cir. 2024). In this case, that means Coit's review and approval of the Rule—if it functioned as a ratification—was a means of retroactively authorizing the Council to adopt Amendment 54 and the Rule. *See Cook v. Tullis*, 85 U.S. 332, 338 (1873) (holding that ratification "operates upon the act ratified precisely as though authority to do the act had been previously given"). And as Plaintiffs argued, the Magnuson-Stevens Act already authorized the Council to adopt those measures, so a ratification would simply repeat that authorization and face the same defect: the Appointments Clause forbids giving significant authority—including the authority to adopt Amendment 54 and the Rule—to the Council because Council members are not properly appointed. *Bell* Initial Br. at 2. Furthermore, under *Freytag v. Commissioner*, 501 U.S. 868 (1991), the Council's improper appointment disabled it from performing *any* duties, even non-significant ones. *Bell* Initial Br. at 2–3 n.2.

The government asserted that "the Assistant Administrator effectively ratified the Gulf Council's recommendations and accepted them as her own decision." Gov. Initial Br. at 10. But the government never considered what the effect of ratification is. Instead, it merely assumed that ratification would obviate an Appointments Clause violation. But because ratification has the "precise[]" effect of operating upon an act as though authority to do the act had been previously given, *Cook*, 85 U.S. at 338, and because the Appointments Clause forbids giving authority to take a significant action to an improperly appointed official, the ratification is forbidden by the Constitution. *Bell* Initial Br. at 1–3.

## II. The Supreme Court has already shown the way.

The government does not cite or discuss any of the Supreme Court's cases regarding the role of review in Appointments Clause cases, even though that is the exact issue on remand. As Plaintiffs have shown, the Supreme Court's extensive direction regarding review is incompatible with Coit's review functioning as ratification. *Bell* Initial Br. 3–5. The government seeks a determination that the Council members' appointments are irrelevant to the validity of Amendment 54 and the Rule because those measures were reviewed by Coit who, they say, was properly appointed. But a Tax Court Special Trial Judge's (b)(4) recommendation required that the STJ be appointed as an inferior officer, even though the recommendation was reviewed *de novo* by a properly appointed Tax Court Judge. *Id.* That cannot be if review functioned as ratification. Rather, as the Supreme Court has held multiple times, the role of review is to help show that the official whose actions are reviewed is supervised and controlled by another and so, rather than requiring Senate-confirmation as a principal officer, may be appointed as an inferior officer. *Id.*

## III. Coit did not approve the Rule on the merits but only determined that the Rule was lawful.

Coit's approval, in her own words, states that she "determined that th[e] proposed rule is consistent with the subject FMP, Amendment 54, provisions of the Magnuson-Stevens Act, and other applicable law." AR8617. The government argues that this "reflected [her] independent judgment." Gov. Initial Br. at 10. But what did she independently adjudge? Coit's words manifestly show that Coit independently determined only that *the Rule is consistent with law*. *Bell* Initial Br. at 5–7. Her words do not reflect an "independent evaluation of the merits," that is, a judgment that the rule should be adopted as a policy matter. *Intercollegiate Broad. Sys., Inc. v. Copyright Royalty Bd.*, 796 F.3d 111, 117 (D.C. Cir. 2015); *see* ECF No. 71 at 17–21 (Plaintiffs' brief arguing that Coit's review is limited to review for consistency with law).

3

Even if Coit had the power to reject Council measures on any basis, as the government argued during summary judgment, Coit did not exercise that broader review here. Coit's own words show that she was concerned only with the Rule's lawfulness. Whatever the government raises in response, the Court should focus its attention on Coit's words to determine whether they "functioned as a ratification." Remand at 4.

The government, aware of this deficiency, admits that Coit's words "do not include an express ratification." Gov. Initial Br. at 10. The government thus suggests that "the proper remedy would be to stay proceedings and remand" for the Assistant Administrator to issue a ratification. *Id.* at 10 n.6. This Court, however, has already entered final judgment for the government. ECF No. 88. There is no remedy to be ordered. Any remand would be futile anyway, because Coit lacks the power to obviate the Appointments Clause violation through a ratification, as argued herein. Additionally, this Court has a limited remit: the Fifth Circuit remanded the case to this Court to resolve, in addition to the *Arnesen* standing issue, only "whether the NMFS Assistant Administrator's review and approval of the Final Rule functioned as a ratification of [the] Council's actions." Remand at 4. The Fifth Circuit has ordered this case to be expedited, Cir. Ct. ECF No. 54; *see also* ECF No. 87 at 12; 16 U.S.C. § 1855(f)(4), and the circuit court has paused the appeal only so that this Court may resolve these two specific questions, not so that it may remand to the agency or issue other remedies, which would delay the resolution of the appeal. At this stage, the Court lacks jurisdiction to do more than answer the questions posed by the Fifth Circuit, and any remand to the agency should be decided by the Fifth Circuit.

**IV.    Coit's review was undertaken pursuant to the Magnuson-Stevens Act, which does not authorize ratification.**

Plaintiffs argued that ratification is inherently retroactive, and retroactive government action must be explicitly authorized by Congress in a clear statement. *Bell* Initial Br. at 7–11.

4

Because the Magnuson-Stevens Act's review provisions provide no such authorization, they do not authorize ratification. Consequently, Coit's review, undertaken pursuant to those provisions, cannot constitute a ratification. Or if Coit's review were analyzed as a ratification, it would be *ultra vires*.

The government may argue that Coit's review has no retroactive effect and so does not require express authorization to constitute a ratification. But to argue that Coit's review has no retroactive effect is simply to admit that it does not "function[] as a ratification," Remand at 4, for retroactivity is the essential characteristic of ratification: "No maxim is better settled in reason and law, than the maxim *omnis ratihabitio retrotrahitur, et mandato priori equiparatur*." *Fleckner v. Bank of U.S.*, 21 U.S. (8 Wheat.) 338, 363 (1823) (Story, J.). "[A]ccording to the maxim, every ratification has a retroactive effect and is equivalent to a prior command." *Citizens' Bank v. Grove*, 162 S.E. 204, 206 (N.C. 1932).

Specifically, if Coit's review "functioned as a ratification," Remand at 4, then it "retroactively effect[ed] actual authority for the improper official's disputed action," here, the Council's past adoption of Amendment 54 and the Rule. *Braidwood*, 104 F.4th at 947. Consequently, it would require express authority for ratification, which is absent. If Coit's review lacked "retroactive[] effect[]," *id.*, it did not function as a ratification.

V.   **Coit cannot ratify under common-law principles incorporated into any statutory authority for ratification.**

As discussed above, ratification is not authorized by the Magnuson-Stevens Act's review provisions (or any other relevant statute), and so Coit's review cannot function as a ratification. But even if a relevant statute authorized Coit to issue ratifications, that authorization is qualified by common-law principles of ratification, which Congress incorporated into any relevant statutory authorization for ratification. As Plaintiffs have argued, those principles show that Congress did

5

not authorize Coit to issue a ratification, and so her review could not function as a ratification. *Bell* Initial Br. at 12–16.

The government will likely argue that the common law of ratification is inapplicable because this case involves administrative law. That is wrong. Statutory interpretation is central to administrative law, because administrative agencies "are creatures of statute" and "accordingly possess only the authority that Congress has provided." *Nat'l Fed'n of Indep. Bus. v. Dep't of Lab., Occupational Safety & Health Admin.*, 595 U.S. 109, 117 (2022). And a "firmly established principle[] of statutory construction" is that Congress incorporates the common law unless it "clearly and plainly expressed" a contrary intention. *United States v. Bellard*, 674 F.2d 330, 335 (5th Cir. 1982). Thus, "common law doctrine[s] should be 'read into' a legislative scheme and thereby made statutorily binding upon [an] agency." *Duvall v. Att'y Gen. of U.S.*, 436 F.3d 382, 389 (3d Cir. 2006). Hence the Fifth Circuit's recognition that, even in the administrative context, ratification "rest[s] on basic principles of agency." *Braidwood*, 104 F.4th at 947. Indeed, the Supreme Court has already applied one of the common-law principles of ratification in an administrative law context. *See FEC v. NRA Political Victory Fund*, 513 U.S. 88 (1994).

### A. Coit lacked authority to adopt Amendment 54 and the Rule both when the Council adopted those measures and when she reviewed and approved the Rule.

In *NRA*, the Supreme Court, applying the common law's timing rule, held that "it is essential that the party ratifying should be able not merely to do the act ratified at the time the act was done, but also at the time the ratification was made." *Id.* at 98 (simplified). The Fifth Circuit also applied this timing rule in *Braidwood*. 104 F.4th at 948. Because this rule is incorporated into any statute authorizing ratification, such a statute only authorizes ratifications by officials who had the power to do the act ratified both at the time the act was done and at the time the ratification was made. *Bell* Initial Br. at 13.

6

As Plaintiffs have explained, Coit lacked the power to do the act putatively ratified—adopt Amendment 54 and the Rule—at *both* the time that the act was done (October 2022, AR4053–54) and at the time of her review and approval of the Rule (February 2023, AR8617). Accordingly, even if the Magnuson-Stevens Act authorized some form of ratification, it would not authorize Coit's review-as-ratification, and accordingly her review—conducted pursuant to the Magnuson-Stevens Act—cannot function as a ratification.

### 1. Coit was improperly appointed at both times.

Coit lacked the power to adopt Amendment 54 and the Rule at both relevant times because she was improperly appointed. *Bell* Initial Br. at 14–15. She was appointed as an inferior officer, but her power to take final action, unreviewable by another Executive official, required her Senate-confirmation as a principal officer. Because Coit lacked the power to adopt Amendment 54 and the Rule at both relevant times, she was not authorized to ratify the Council's adoption of those actions under the timing rule endorsed by *NRA* and incorporated by statute into any authorization of ratification.

This argument is timely. The Fifth Circuit "remand[ed] for *full* district court treatment of the ratification issue." Remand at 5 (emphasis added). Accordingly, the government's Initial Brief raises its arguments for ratification for the first time in this Court. Plainly, Plaintiffs must also be permitted to assert, for the first time, their complete arguments against ratification. One of these is that Coit is improperly appointed and so lacked the power to do the act putatively ratified at the times relevant under the timing rule. There was no earlier time that Plaintiffs could have raised this argument against ratification. Thus, the objection is timely.

Furthermore, Plaintiffs object to Coit's appointment only with respect to the requirements of ratification. Ratification had not even been raised in summary-judgment briefing, and there was

7

no indication that the government would raise it. In such a situation, Plaintiffs could not have simply raised Coit's improper appointment in the abstract, attached to no claim for relief. Nor could they have been required to argue that *the Rule* was infected by Coit's improper appointment simply to preserve their arguments against a putative *ratification* that had not even been raised.

This Court's consideration of any timeliness issue must also square with the Supreme Court's decision that courts should reach late Appointments Clause challenges. Even a challenge that "ha[s] not been raised in the District Court or in the Court of Appeals or even in th[e] [Supreme] Court" may be raised for the first time as late as "the filing of a supplemental brief" in the Supreme Court. *Freytag*, 501 U.S. at 879 (simplified). Because the importance of the Appointments Clause outweighs "sound appellate process," courts "should exercise [their] discretion to hear" Appointments Clause challenges even in that late posture. *Id.*; *Glidden Co. v. Zdanok*, 370 U.S. 530, 536 (1962) (plurality) (holding that tardiness of Appointments Clause challenge and accompanying disruption to appellate process are "plainly insufficient" reasons to decline to decide that challenge). Here, not only is Plaintiffs' objection to Coit's appointment as to ratification timely, but they have raised the objection far earlier than the Appointments Clause claim was raised in *Freytag*, and so the Court "should" decide Plaintiffs' objection even if it were not timely. *Freytag*, 501 U.S. at 879.

### 2. The Act did not permit Coit to adopt Amendment 54 and the Rule.

Coit also lacked the power to adopt Amendment 54 and the Rule in October 2022 and in February 2023, because the Act required her to wait until April 2023 to act after she identified greater amberjack as being overfished in April 2021. *Bell* Initial Br. at 15.

The government implicitly agrees that Coit lacked the power to adopt Amendment 54 and the Rule before April 2023: it argued that "if the Court were to treat the Council's proposal of

8

Amendment 54 as void *ab initio*, then *in April 2023* (with no valid Council proposal), the Assistant Administrator would nevertheless have had both authority and an obligation to implement revised greater amberjack catch limits on her own." Gov. Initial Br. at 12 (emphasis added).

But "it is essential that the party ratifying should be able . . . to do the act ratified at the time the act was done[.]" *NRA*, 513 U.S. at 98 (simplified). That time was October 2022, when the Council adopted Amendment 54 and the Rule. AR4053–54. It is also "essential that the party ratifying should be able . . . to do the act ratified . . . at the time the ratification was made." *NRA*, 513 U.S. at 98 (simplified). The Fifth Circuit identified the putative ratification as Coit's "review and approval of the Final Rule," Remand at 4, which occurred in February 2023, AR8617. Given that Coit lacked the power to adopt the measures at both of those times, she could not have ratified, even assuming Coit had the power to adopt the measures in April 2023, after the two-year waiting period had lapsed. *Bell* Initial Br. at 15. Her review could not function as ratification.

The government points out that "[t]he Final Rule was promulgated on June 15, 2023, after this two-year period had passed." Gov. Initial Br. at 12. But for three reasons, this does not change the outcome. First, the question posed by the Fifth Circuit is "whether the NMFS Assistant Administrator's *review and approval* of the Final Rule functioned as a ratification of [the] Council's actions." Remand at 4 (emphasis added). The review and approval of the Rule occurred in February 2023, before the two-year waiting period ended, not June 2023. AR8617. The Fifth Circuit did not remand to this Court to determine whether the Rule's *promulgation* functioned as a ratification. And for good reason: though the promulgation constitutes the final agency action, ultimately it reflects the judgments reached by officials beforehand. In the ratification analysis, it is Coit's exercise of her judgment that matters, and that took place in her "review and approval of the Final Rule" in February 2023. Remand at 4.

Second, *NRA* and the timing rule require that Coit have the power to do the act ratified at *both* the time of the act ratified and the time of the putative ratification. *NRA*, 513 U.S. at 98. Thus, even if the putative ratification occurred in June 2023 and even if Coit had the power to do the act ratified at that time, the time of the act ratified is still October 2022, when the Council adopted Amendment 54 and the Rule, which is inside the two-year period. AR4053–54. Thus, Coit's review could not function as a ratification for this independent reason.

Third, Coit never satisfied the procedural prerequisites that qualify her unilateral rulemaking powers. *Bell* Initial Br. at 15–16; *see* 16 U.S.C. § 1854(c). So whether her putative ratification took place in February 2023 or June 2023, she lacked the power to adopt the measures at the time of that putative ratification.

**B.    The Council did not purport to act on behalf of Coit.**

In addition to the timing rule, another common-law rule incorporated by statute disallows Coit from ratifying, such that her review could not function as a ratification. As the Fifth Circuit recognized in *Braidwood*, ratification "rest[s] on basic principles of agency." *Braidwood*, 104 F.4th at 947. Reflecting this, the common law—incorporated by any statute authorizing ratification—permits ratification only where the act ratified is purportedly done on behalf of the ratifier. *Bell* Initial Br. at 16–17. The Council, naturally, did not act or purport to act on behalf of Coit, because it was exercising its own authority under the Magnuson-Stevens Act, not acting as Coit's agent. As the Fifth Circuit held, an "argument [for ratification] would fail on its own terms" where "no agency relationship exists." *Braidwood*, 104 F.4th at 948. That is the case here. The government, for its part, barely discusses *Braidwood*, despite its status as the most relevant and recent Fifth Circuit precedent on ratification.

10

**VI.     The government waived the affirmative defense of ratification.**

Finally, ratification is an affirmative defense that, under Federal Rule of Civil Procedure 8(c), is waived if not raised in a defendant's answer. *Bell* Initial Br. at 18–19. Rule 8(c) provides a separate waiver requirement than the requirement that an argument be raised in briefing at the first relevant opportunity; even if an affirmative defense is raised in the first dispositive brief, it was still waived if not alleged in the answer. Thus, while the Fifth Circuit's remand may ameliorate the government's failure to raise ratification in its cross-motion for summary judgment, it does not relieve the government of its obligation to raise the issue in its Answer.

## CONCLUSION

Plaintiffs' analysis of whether Coit's review may function as a ratification hews to familiar ground. First, it examines the statutory basis for the agency action, including incorporated common-law limits. Second, it asks what the agency action consists of, specifically ratification as an affirmation of an act on its merits, with the sole effect of providing retroactive authority to an official for the act ratified. And third, it applies stable, uncontroversial Supreme Court doctrine on the effect of review in Appointments Clause cases.

The government's Initial Brief does none of this, because a down-the-middle examination of these basic questions would reveal that there is no basis for concluding that Coit's review functioned as a ratification. In fact, the government's Initial Brief cites the most relevant Fifth Circuit precedent on ratification, *Braidwood*, only once and for a minor proposition. Gov. Initial Br. at 10. This is understandable, because full application of *Braidwood* demonstrates at every turn that Coit's review cannot function as a ratification: *Braidwood* conditions ratification on an agency relationship, which does not exist here; *Braidwood* accepted the timing rule, which prohibits ratification here; *Braidwood* held that ratification is retroactive, which requires explicit statutory

authorization that does not exist here; and *Braidwood* held that the effect of ratification is to provide authority, which would simply repeat the constitutional violation here rather than curing it.

The Court should resist the government's reliance on broad generalities to wave these issues away *en masse*. And it should reject the notion of ratification that the government is likely to advance in its Response Brief: one with no clear test, requirement, or characteristic other than that when the government says the word "ratification," an Appointments Clause claim disappears. Such an idea of ratification is unmoored from "disciplined legal reasoning" and instead approaches the domain of "mystical aphorisms." *Obergefell v. Hodges*, 576 U.S. 644, 719 n.22 (2015) (Scalia, J., dissenting). Disciplined legal reasoning shows that Coit's review did not function as a ratification and—given the government's decision not to raise ratification in this Court until the Fifth Circuit's remand forced it to do so—the government knows it. This Court should find that Coit's "review and approval of the Final Rule" did not "function[] as a ratification of [the] Council's actions." Remand at 4.

DATED: November 4, 2024.

Respectfully submitted,

/s/ Michael A. Poon
MICHAEL A. POON*
Cal. Bar No. 320156
DAMIEN M. SCHIFF*
Cal. Bar No. 235101
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
MPoon@pacificlegal.org
DSchiff@pacificlegal.org

/s/ Charles E. Cowan
CHARLES E. COWAN
Miss. Bar No. 104478
401 East Capitol Street
Heritage Building, Suite 600
Jackson, MS 39201
Telephone: (601) 968-5500
Facsimile: (601) 968-5593
cec@wisecarter.com

MOLLY E. NIXON*
N.Y. Bar No. 5023940
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
MNixon@pacificlegal.org

*Pro Hac Vice*

Counsel for Plaintiffs Karen Bell, A.P. Bell Fish Co., Inc., and William Copeland